LAND TITLE & TRUST CO. v. McCOACH, Internal Revenue Collector.

(Circuit Court of Appeals, Third Circuit. May 26, 1904.)

No. 30.

1. INTERNAL REVENUE—LEGACY TAXES—VESTED OR CONTINGENT REMAINDER.

A testator who died in March, 1901, by his will bequeathed his residuary estate in trust, the income to be paid to his wife during her life, with remainder to his children living at the time of her death, and the lawful issue of any deceased child or children; such issue taking the share only their parent would have taken if living. Held, that the remainder so created was not vested, not being limited to "persons in esse and ascertained," but was contingent, being limited to persons who could not be ascertained until the death of the wife, and that such bequests were not subject to the legacy tax imposed by section 29 of the war revenue act of June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307]; the wife being still living at the time of the taking effect of the amendment of June 27, 1902, c. 1160, § 3, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, p. 282], exempting from the tax "any contingent beneficial interest not absolutely vested in possession or enjoyment" prior to July 1, 1902.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 127 Fed. 381.

John G. Johnson, for plaintiff in error.

James B. Holland and J. Whitaker Thompson, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The plaintiff in error was plaintiff below, and the defendant in error was defendant below. In this opinion

they will be referred to simply as plaintiff and as defendant, respectively. As collector of internal revenue, the defendant on December 8, 1902, assessed, inter alia, a tax of $11,439.53 upon the beneficial interests of the remaindermen in the residuary estate of George M. Troutman, who died in the city of Philadelphia on March 5, 1901. The plaintiff admitted that there was due, upon sundry specific bequests under the will of the said George M. Troutman, internal revenue taxes upon said estate aggregating $1,421.51, and he paid this amount to defendant on January 5, 1903; but he refused to pay the additional sum of $11,439.53, assessed and demanded by the defendant, who thereupon assessed a penalty of 5 per centum for nonpayment thereof within 10 days, making the total amount of the disputed assessment $12,011.51. The plaintiff paid this last-mentioned sum under protest and distress, and, after duly appealing to the Commissioner of Internal Revenue for the refund and repayment thereof, which was refused, he brought this action in the Circuit Court, in which he claimed to recover the said sum of $12,011.51, with interest. To the statement of this claim the defendant demurred, assigning several causes of demurrer, which it is unnecessary to set forth, as the declaration in defendant's brief, that he demurred "upon the ground that the beneficial interests upon which the taxes were assessed were vested, and not contingent, and therefore liable for the tax," presents the main question in the case, and one upon which it properly may be decided. The statutory provisions under which this question arises are as follows:

"An act to provide ways and means to meet war expenditures, and for other purposes," approved June 13, 1898, c. 448, 30 Stat. 448, 464 [U. S. Comp. St. 1901, pp. 2286, 2307].

"Sec. 29. That any person or persons having in charge or trust, as administrators, executors, or trustees; any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest, therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows— that is to say: Where the whole amount of said personal property shall exceed in value ten thousand and shall not exceed in value the sum of twenty-five thousand dollars the tax shall be: First. Where the person or persons entitled to any beneficial interest in such property shall be the lineal issue or lineal ancestor, brother or sister to the person who dies possessed of such property, as aforesaid, at the rate of seventy-five cents for each and every hundred dollars of the clear value of such interest in such property."

"An act to provide for refunding taxes paid upon legacies and bequests for uses of a religious, charitable, or educational character, for the encouragement of art, and so forth, under the act of June thirteenth, eighteen hundred and ninety-eight, and for other purposes," approved June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, pp. 281, 282].

"Sec. 3. That in all cases where an executor, administrator, or trustee shall have paid, or shall hereafter pay, any tax upon any legacy or distributive share of personal property under the provisions of the act approved June thirteenth, eighteen hundred and ninety-eight, entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' and amend-

ments thereof, the Secretary of the Treasury be, and he is hereby, authorized and directed to refund, out of any money in the treasury not otherwise appropriated, upon proper application being made to the Commissioner of Internal Revenue, under such rules and regulations as may be prescribed, so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two. And no tax shall hereafter be assessed or imposed under said act approved June thirteenth, eighteen hundred and ninety-eight, upon or in respect of any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July first, nineteen hundred and two."

The will of George M. Troutman disposed of his residuary estate as follows:

"Thirteenth. All the rest, residue, reversion and remainder of my estate, real and personal, whatsoever and wheresoever and of which I may die seised, possessed or in any way entitled to, I give, devise and bequeath unto my executors, hereinafter named, their heirs, executors, administrators, successors and assigns forever, in trust nevertheless to collect and receive the rents, interest, income, dividends, and profits thereof and after first deducting all expenses attendant upon the execution of the trust to pay the same unto my said beloved wife, Maria E. Troutman, for and during the full end and term of her natural life in at least quarter yearly payments. And from and immediately after the decease of my said wife, then in trust to divide the said rest, residue and remainder of my estate into as many equal parts and shares as there shall be children of mine then living and lawful issue of deceased children, such issue taking such share only as their parent would have taken if living.

"And the shares happening to my children in such division to continue to hold in trust to collect and receive the interest, rents and income thereof and pay over the same unto my said children during the terms of their respective natural lives for their respective use, benefit and behoof and so that the same shall not be liable for their debts, contracts or engagements by assignments, anticipation or otherwise and also that the shares of my daughters shall not be subject to the control or interference of or liable for the debts, contracts or engagements of any husband they may have or take. And the shares so happening to my said children from and immediately after their respective deaths, to hold in trust for all their children then living and the lawful issue of such of them as may then be deceased, their heirs, executors, administrators and assigns forever, in equal parts and shares, so nevertheless, that such issue take and receive such part and share only as his, her or their deceased parent would have taken and received, if then living, for the purposes hereinafter set forth, that is to say, as to the shares of the issue born before my decease of any of my children, to hold the same in trust for such issue during their respective natural lives upon the same trust as hereinbefore set forth with respect to the shares of my children during their lives and after the decease of such issue respectively, then in trust to grant, convey, assign and pay the said shares respectively unto all their respective lawful issue in equal parts and shares, absolutely and in fee, such issue taking by representation and not per capita. And as to the shares of the issue born after my decease, of any of my children, to grant, convey, assign and pay the same unto such issue, their heirs, executors, administrators and assigns forever.

"And as to the shares happening in the division of my residuary estate after the decease of my wife, unto grandchildren or remoter descendants of mine, to hold in trust for the following purposes, that is to say, the shares happening to grandchildren or remoter descendants born before my decease to hold upon the same trusts above set forth with respect to the shares of the issue born before my decease, or any of my children taking in the division aforesaid and the shares happening to grandchildren or remoter descendants born after my decease to hold upon the same trusts above set forth with respect to the shares of the issue born after my decease of any of my children taking in the division aforesaid."

It is contended for the defendant that the remainder created by this clause is a vested remainder, and for the plaintiff that it is a contingent one. Let us, then, in the first place, consider the language of its creation. After a devise and bequest of the residuary estate in trust to pay the income to the testator's wife during her life, the provision is that upon her death (which has not yet occurred) the said residuary estate shall be divided "into as many equal parts or shares as there shall be children of mine then living and lawful issue of deceased children, such issue taking such share only as their parent would have taken if then living." Here, it will be observed, the remainder is not given to the testator's children generally, or as a class, but is limited to such of them as shall be living upon the termination of the precedent life estate, and, furthermore, that it is left uncertain whether, as to any share or shares, the person or persons entitled to take in remainder will be his children, or will be the lawful issue of them, or of any of them. This is made evident by what follows that part of the clause from which we have just quoted, where the contemplation of a remainder which might pass to children, or which might pass to other descendants, plainly appears in the provisions made as to the shares happening to his children and as to the shares happening in the division unto his grandchildren or remoter descendants. From the language employed in its creation, it seems, then, to be obvious that this remainder is not "limited to a person in esse and ascertained," and therefore is not vested (Fearne on Contingent Remainders, 217), but is "limited to a person not ascertained," and therefore is contingent. Cruise on Real Property (1st Am. Ed.) vol. 2, p. 263. It is precisely within the rule laid down in Smith on Executory Interests (section 281), that:

"Where real or personal estate is devised or bequeathed to such children, or to such child or individuals as shall attain a given age, or the children who shall sustain a certain character, or do a particular act, or be living at a certain time, without any distinct gift to the whole class, preceding such restrictive description, so that the uncertain event forms part of the description of the devisee or legatee, the interest so devised is necessarily contingent on account of the person. For, until the age is attained, the character is sustained, or the act is performed, the person is unascertained. There is no person answering the description of the person who is to take as devisee or legatee."

That the law is as stated by the standard text-writers to whom we have referred, the general current of judicial decisions abundantly shows; but it is contended that those of the Supreme Court of Pennsylvania disclose no settled construction of such language as is used in George M. Troutman's will, and that therefore the decisions of the federal courts should be followed. But in our opinion the law of Pennsylvania as to the matter in question has been settled by the decisions of its court of last resort, and in conformity with the generally established rule to which we have heretofore adverted. It may be that it would be difficult to harmonize all the dicta, or perhaps some of the judgments, reported in the earlier Pennsylvania cases, but no attempt to do so need be made. It suffices to say that the Supreme Court of that state has, by its more recent adjudications, distinctly, and, as may be assumed, finally, resolved any doubt that

might previously have been entertained as to its position upon the subject under consideration. In Craige's Appeal (1889) 126 Pa. 223, 17 Atl. 585, the testamentary clause in question was:

"(4) In the event of my son's decease, and of his wife, Ann, while his widow, or in the event of her second marriage, I will that my whole estate shall be immediately divided into two equal portions by my trustee herein named, or his successor, calling to his aid the advice of my daughter Caroline, and such other friends of the family as they may choose to consult; and that one-half of said estate thus divided shall be distributed in equal proportions, to the children of my said son Edmund and his wife Ann, living at the time of their death or said Ann's second marriage, giving hereby to my daughter Caroline the choice of one-half of said estate thus divided."

It was held "that the estate given to the children of Edmund and Ann Holmes was contingent, and became vested only upon the death of both, and in such children as were then in life"; and in that case, as also in Reilly's Estate (1901) 200 Pa. 304, 49 Atl. 939, it was said that the rule of legal construction, as well as the testamentary intent in such cases, is well stated in the passage which we have already quoted from Smith on Executory Interests. These cases would seem, as to the law of Pennsylvania, to be conclusive, but to the same effect are Martin's Appeal (1898) 185 Pa. 51, 39 Atl. 841, and Raleigh's Estate (1903) 206 Pa. 451, 55 Atl. 1119.[1] It is not impossible plausibly to suggest that the federal decisions disclose some apparent discrepancies, but, as was said in the case of In re Hoadley (D. C.) 101 Fed. 233, their explanation is to be found in the endeavor to adopt that construction of the will which will most nearly carry out the apparent intent of the testator, and make that intent controlling. But that the question before us, if presented as in this case, would be decided by the Supreme Court of the United States as we feel compelled to decide it, is, we think, made apparent by the opinion delivered by that court in McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015, in which (page 379, 113 U. S., page 661, 5 Sup. Ct., 28 L. Ed. 1015) it is significantly pointed out that the gift of the remainder there under examination "is not to such grandchildren only as shall be living at the expiration of the particular estate, but it is to 'my grandchildren per capita, the lawful issue of my said sons and daughters'—words of description appropriate to designate all such grandchildren."

Having reached the conclusion that the remainder in this case is contingent, and that therefore the assessment was unlawful, it is unnecessary for us to express an opinion upon any other of the questions which have been argued. Our views upon the single point we have discussed require that the judgment of the Circuit Court shall be reversed, and the cause be remanded to that court with direction to enter judgment for the plaintiff upon the demurrer, and it is so ordered.

[1] Note by the Court. And also Mulliken v. Earnshaw, 58 Atl. 286, which has been decided by the Supreme Court of Pennsylvania since this opinion was written. It has not yet been officially reported.