PHILADELPHIA TRUST, SAFE DEPOSIT & INS. CO. et al. v. McCOACH, Internal Revenue Collector.

(Circuit Court of Appeals, Third Circuit. May 26, 1904.)

No. 29.

1. INTERNAL REVENUE—LEGACY TAXES—VESTED OR CONTINGENT REMAINDER.

The interest of a daughter in her father's estate, which, by the terms of his will, she was not to take unless she survived her mother, was contingent, and not vested, and did not become subject to legacy tax, under section 29 of the war revenue act of June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307], where her mother was living July 1, 1902, after which time contingent beneficial interests vested in possession or enjoyment were exempted from the tax by the amendment of June 27, 1902, c. 1160, § 3, 32 Stat. 406 [U. S. Comp. St. Supp. 1903, p. 282].

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 127 Fed. 386.

John G. Johnson, for plaintiffs in error.

James B. Holland and J. Whitaker Thompson, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In this case the interest of a daughter in her father's estate, which, by the terms of his will, she was not to take unless she should survive her mother, was adjudged to be liable to tax, notwithstanding the statutory exemption from such tax of "a contingent beneficial interest not absolutely vested in possession or enjoyment." That this adjudication was erroneous is shown in the opinion filed herewith, in the case of Land Title & Trust Company, Executor, etc., v. McCoach, Collector of Internal Revenue, 129 Fed. 901, and in the opinion and judgment of the Supreme Court of Pennsylvania in Holmes' Appeal, 116 Pa. 246, 9 Atl. 341.

The judgment of the Circuit Court in favor of the defendant upon his demurrer to the plaintiffs' statement of claim is reversed, and the cause will be remanded to that court, with direction to enter judgment thereon in favor of the plaintiffs.