### HEBERTON v. McCLAIN.

(Circuit Court, E. D. Pennsylvania. March 4, 1905.)

No. 100.

1. INTERNAL REVENUE—LEGACY TAX—VESTED OR CONTINGENT INTERESTS.

A legacy left by a testatrix to a daughter "when she is eighteen years old" is contingent, and not vested, and not subject to a legacy tax, under section 29 of the war revenue act of June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307].

2. WILLS—CONSTRUCTION—VESTED REMAINDER.

Under the will of a testatrix, bequeathing her residuary estate to her husband for life, with remainder to her two daughters equally, with a provision that "should either of them die leaving issue such issue to take and receive the share of its parent," the estate in remainder vested in the daughters by the rule in Pennsylvania.

Action to recover legacy taxes paid. On demurrer to plaintiff's statement.

William Drayton, for plaintiff.
Jasper Y. Brinton and J. Whitaker Thompson, for defendant.

J. B. McPHERSON, District Judge. This action is brought to recover taxes upon certain legacies given by the will of Harriet S. Heberton, of which the following are the relevant paragraphs:

"Item.—I hereby give and bequeath unto my daughter Ethel Crothers Heberton ten thousand dollars, also the portraits of John Stephen Benezet and his wife Judith Benezet, also the statue of Canova's Dancing Girl and the hall clock.

"Item.—I hereby give and bequeath unto my daughter Harriet Stevenson Heberton ten thousand dollars when she is eighteen years old, also the portraits of Thomas Barton and his wife Sarah Benezet Barton, also the Napoleon gilt pier table.

"Item.—I hereby give and bequeath unto my daughters Ethel Crothers Heberton and Harriet Stevenson Heberton my jewelry, laces, bureau, silver, and clothes, to be divided equally between them.

"Item.—I hereby appoint my husband Craig Heberton the executor of this will and the guardian of our children. Upon his death I appoint my brother Stevenson Crothers to act in his place.

"All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath unto my husband Craig Heberton for and during his natural life, and upon his death, equally to and between my daughters Ethel C. Heberton and Harriet Stevenson Heberton, share and share alike. Should either of them die leaving issue, such issue to take and receive the share of its parent."

The tax upon the specific legacy to Ethel Heberton is not involved. The questions for decision are these:

(1) Is the specific legacy to Harriet Heberton vested or contingent?

(2) Is the interest of the two daughters in the residuary estate vested or contingent?

A third question—whether the tax upon Harriet's specific legacy, and upon the estate in remainder of both daughters, was collectible in December, 1901, when it was assessed, the legacies not being then payable to the beneficiaries—need not be decided, as will shortly appear.

1. It is true that the decisions are not harmonious upon the character of a legacy given to a beneficiary "when he shall be twenty-one." The question is seldom presented so nakedly as in the will now before the court. In many of the cases other language of the testator has led to the conclusion that similar words were sufficient to vest the legatee's interest; but in the case of Mrs. Heberton's will I think the authorities require the ruling that the legacy is contingent. In Roper on Legacies (4th Ed.) c. 10, § 3, p. 566, it is said:

"The words paid or payable are considered so material that if they be omitted, and the bequests made to the legatees, as, if, provided, in case of, or when, they attain twenty-one, these expressions will, without being controlled by the context of the will, constitute the time of payment as of the essence of the bequest, and consequently the legatees can take no vested interest until they attain twenty-one."

Jarman on Wills (4th Ed.) 764, is to the same effect:

"So, where a legacy is given to a person if, or provided, or in case, or when (for it matters not which of these words is used) he attains the age of twenty-one years, or marries, though such legacy, standing alone and unexplained, would clearly be contingent," etc.

The same rule is stated in Hawkins on Wills (2d Ed.) 226:

"A bequest to A. at twenty-one, and a bequest to A. payable at twenty-one, do not much differ in expression, yet one is a vested the other a contingent gift."

See, also, Engles' Estate, 167 Pa. 463, 31 Atl. 681; Hanson v. Graham, 6 Vesey, 243, in which the following language is used:

"No case has determined that the word 'when,' as referred to a period of life, standing by itself and unqualified by any words or circumstances, has ever been held to denote merely the time at which it is to take effect in possession; but standing so unqualified and uncontrolled it is a word of condition, denoting the time when the gift is to take effect in substance. That this is so is evident upon mere general principles; for it is just the same, speaking of an uncertain event, whether you say when, or if, it shall happen. Until it happens, that which is grounded upon it cannot take place."

And Lane v. Goudge, 9 Vesey, 230, which contains these words:

"If a legacy is given when a person attains twenty-one, and he never attains that age, he never will be entitled. But if it is coupled with other circumstances, showing that he was not meant conditionally, but only to mark the time when the interest vests in possession, the sense is put upon the words which the will requires."

Alexander v. Alexander, 16 Com. Ben. 59, and Locke v. Lamb, L. R. 4 Equity Cases, 372. In the vice chancellor's opinion, delivered in the latter case, he quotes from Sir William Grant's opinion in Leake v. Robinson, 2 Merivale, 386, as follows:

"If there were an antecedent gift, a direction to pay on the attainment of twenty-five certainly would not postpone the vesting. But if I give to persons of any description when they attain twenty-five, or upon their attainment of twenty-five, or from and after their attaining twenty-five, is it not precisely

the same thing as if I give to such of those persons as should attain twenty-five? None but a person who can predicate of himself that he has attained twenty-five can claim anything under such a gift."

These citations, I think, support the conclusion that the specific legacy under consideration is contingent.

2. Under the authority of McCormick v. McElligott, 127 Pa. 230, 17 Atl. 896, 14 Am. St. Rep. 837, and Carstensen's Estate, 196 Pa. 325, 46 Atl. 495, I think that the interest taken by the two daughters in the residuary estate was vested.

3. It is not necessary to consider the third question. The case of Land Title, etc., Co. v. McCoach (C. C. A.) 129 Fed. 901, declares that a contingent remainder is not taxable; and, as the assessed value of the vested remainder is less than $10,000, it follows that no tax at all should have been levied upon Harriet's legacies, or upon Ethel's interest in remainder. Knowlton v. Moore, 178 U. S. 78, 20 Sup. Ct. 747, 44 L. Ed. 969.

Judgment may be entered for the plaintiff on the demurrer.