## HEROLD v. SHANLEY.

(Circuit Court of Appeals, Third Circuit.   May 2, 1906.)

No. 11.

1. INTERNAL REVENUE—LEGACY TAX—CONTINGENT LEGACY.

Testator bequeathed $100,000 to his executor in trust to pay the income for the support and education of testator's grandson until he should arrive at the age of 21 years, when the sum was to be paid to such grandson, etc.   Held, that such legacy was not vested prior to the grandson's arrival at age, and hence the only portion thereof which in the meantime was taxable under War Revenue Act, June 13, 1898, c. 448, 30 Stat. 464, as amended by Act March 2, 1901, c. 806, 31 Stat. 948 [U. S. Comp. St. 1901, pp. 2307, 2308], and Act June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1905, p. 449], was the amount he would probably receive before reaching majority.

2. SAME.

Testator left his residuary estate in trust until the death or remarriage of his widow, when it was to be divided equally between his three sons, and in the meantime the income was to be divided equally each year between the widow and sons, share and share alike.   Held, that the reversionary interest of the sons pending the widow's life unmarried was not absolutely vested in possession or enjoyment prior to July 1, 1902, the widow being then living and unmarried, and was not therefore subject to taxation under War Revenue Act, June 13, 1898, c. 448, 30 Stat. 464, as amended by Act March 2, 1901, c. 806, 31 Stat. 948 [U. S. Comp. St. 1901, pp. 2307, 2308], and Act June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1905, p. 449].

3. SAME— COMPUTATION OF TAX.

Where a collector of internal revenue, in determining the amount of a tax on certain legacies, adopted a method that operated to reduce the principal of the estate, and thus diminish the income of the widow, which was not taxable, such method was erroneous.

4. SAME—MORTALITY TABLES.

Where the division of the residue of testator's estate was postponed until the death or remarriage of testator's widow, the use of mortality tables to ascertain the value of the interest of the remaindermen for the purpose of assessing an internal revenue legacy tax was improper.

5. SAME—TAXES ILLEGALLY EXACTED—INTEREST.

Where an internal revenue tax on certain legacies was illegally exacted, interest was properly allowed on the principal of the tax in a suit to recover the same.

In Error to the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 141 Fed. 423.

John B. Vreeland, for plaintiff in error.

Thomas J. Lintott and Frederick J. Johnson, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and McPHERSON, District Judge.

J. B. McPHERSON, District Judge.   Bernard M. Shanley died on March 19, 1900, leaving a will, which was duly probated in the following month.   In 1901 and 1902 the defendant in error, who was the executor of the will, was obliged to pay to the plaintiff in error, who was the collector of internal revenue for the Fifth district of New

Jersey, more than $100,000, being the tax that was levied by the collector, under the war revenue act of 1898 and its supplements, upon certain interests passing by the will to the three sons and to a grandson of the testator. The needful preliminary steps having been taken by the executor, the present suit was brought to compel the government to refund so much of the tax as had been improperly levied; the result of the action being that the Circuit Court, before whom the case was tried without a jury, entered judgment in favor of the executor for $93,533.74, with interest amounting to $15,052.41, aggregating $108,586.15. The correctness of this judgment is the point now in issue, and it is to be determined by construing the fifth and seventh paragraphs of the will in the light of the judicial decisions that are pertinent to the inquiry. These paragraphs are as follows:

"Fifthly: I give and bequeath the sum of one hundred thousand dollars to my executor hereinafter named, in trust nevertheless, to invest the same in safe securities and to expend the income thereof for the support, maintenance and education of my grandson, Joseph Sandford Shanley, until he shall arrive at the age of twenty-one years, when the said sum of one hundred thousand dollars shall be his and shall be paid to him accordingly. If my grandson shall not have arrived at the age of twenty-one when the distribution of my estate is to be effected as hereinafter provided; that is, upon the death or remarriage of my wife; then I direct that my executor shall hold in trust the further sum of one hundred and fifty thousand dollars and pay the income thereof for the support, maintenance, and education of my said grandson, until he shall arrive at that age, and, upon his reaching that age and the time of distribution of my estate having arrived as aforesaid, the said sum of one hundred and fifty thousand dollars shall be his and be paid to him. If my said grandson should die before attaining the age of twenty-one years, the said bequests for his benefit of one hundred thousand dollars and one hundred and fifty thousand dollars shall lapse, revert to, and become part of my general estate. If he arrives at that age he shall have the first mentioned sum immediately thereupon, and the other sum, one hundred and fifty thousand dollars, when the final distribution of my estate is made as herein provided."

"Seventhly: I direct that the net income of all the residue and remainder of my estate, after the payment of all necessary and proper expenses and charges on account of the same, be annually divided, on the twenty-fifth day of January of each year, between my wife, and my three sons, share and share alike—each receiving one-fourth thereof—until the death or remarriage of my said wife, upon the happening of either of which events all her right, title and interest in my estate shall cease. And thereupon, I direct that all the rest, residue and remainder of my estate, real and personal, subject to the provisions above written for the benefit of my grandson, shall be distributed and divided among my said three sons, share and share alike."

Under these provisions of the will and the fourth paragraph, which it is not necessary to consider, the Circuit Court allowed certain claims of the collector which are not now before us, as no writ of error has been taken by the executor to such allowance. The widow is still living and unmarried, and the grandson is also living, a lad of about 12 years of age. The questions presently to be decided, with the positions thereon of the defendant in error, are clearly and accurately stated in the brief of his counsel as follows:

"(1) Are the legacies to Joseph Sandford Shanley, bequeathed by the fifth section of the will, taxable under the act of Congress approved June 13, 1898, c. 448, 30 Stat. 464, the amendments to that act passed in 1901, Act March 2, 1901, c. 806, 31 Stat. 948 [U. S. Comp. St. 1901, pp. 2307, 2308],

and the act of Congress of June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1905, p. 449]?

"The defendant in error contends on this question: First, that these are technically contingent legacies, and as such are not taxable under the act of June 27, 1902, because they are not absolutely vested in possession or enjoyment; and, secondly, that, even if they are technically vested legacies, they are not taxable, under the act of Congress of June 13, 1898, and its amendments, until they are vested in possession or enjoyment.

"(2) Are the legacies given to the three sons of the testator by the seventh section of the will taxable under the acts of Congress above referred to?

"The defendant in error contends as to this question: (1) That the tax imposed in respect to the above legacies is illegal because it taxes the interest of the widow of the testator bequeathed to her by the said seventh section; (2) because the said legacies are not vested in possession or enjoyment, and are therefore not taxable under the said acts; and (3) because they cannot be valued for taxation before the remarriage of the widow.

"(3) If the defendant in error is entitled to judgment, is he entitled to interest on the amount recovered?

"The defendant in error contends as to this question that he is entitled to interest on the amount recovered from the date of the payment of the taxes in question, on the ground that they were illegally exacted from him, and were paid under protest."

The first question is settled, we think, in favor of the defendant in error by the decisions of the Court of Errors and Appeals of New Jersey. In Gifford v. Thorn, 9 N. J. Eq. 702, it was decided by that court that a legacy to a person "when he arrives at the age of 21 years" is a contingent legacy. In the language of Chief Justice Green, who wrote the opinion of the court:

"It·has been repeatedly held, and seems at this date to be the settled law, that where the bequest made to a legatee is in these words, or words of a similar meaning, without being controlled by the context of the will, they imply a condition precedent, to wit, that the legatee shall live to that age; and consequently the legatee does not take a vested interest in the legacy until twenty-one. I give and bequeath to A. B. 'at the age of twenty-one,' or 'if he arrives at twenty-one,' or 'provided he lives to be twenty-one,' or 'when he arrives at the age of twenty-one.' or 'in case of ·his arriving at twenty-one,' have all been held to be contingent legacies."

See, also, Neilson v. Bishop, 45 N. J. Eq. 473, 17 Atl. 962, and Howell's Executors v. Green's Administrator, 31 N. J. Law, 570 And this court has recently decided in Philadelphia Trust, etc., Co. v. McCoach, 129 Fed. 906, 64 C. C. A. 338 that a legacy to a daughter, which she was not to take unless she survived her mother, was contingent and not vested; to which may be added the authorities referred to in Heberton v. McClain (C. C.) 135 Fed. 226.

The second question does not need elaborate discussion, in view of the recent decision of the Supreme Court in Vanderbilt v. Eidman. 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563. The clause of Cornelius Vanderbilt's will that was there under examination gave the residue of his estate to his executors to be held in trust for the support, maintenance, and education of his son Alfred, to accumulate the surplus income. and pay the accumulations to his son when·he should arrive at the age of 21 years, and thereafter to pay him the net income of the estate until he should arrive at the age of 30 years, when he was to be put in full possession of one-half the estate. The net income from the remainder was to be paid to him thereafter until he

should arrive at the age of 35, when he was to receive the rest of the estate. Remainders over were limited in case he should die before reaching the age of 30 or 35, but these were not regarded as material to the construction of the clause. Upon the language thus summarized, the Court of Appeals for the Second Circuit certified several questions to the Supreme Court, of which the third question was as follows:

"(3) Did sections 29 and 30 of said act of June 13, 1898 (chapter 448, 30 Stat. 464, 465 [U. S. Comp. St. 1901, pp. 2307, 2308]), authorize the assessment and collection of a tax with respect to any of the rights or interests of Alfred G. Vanderbilt as a residuary legatee of the personal estate of Cornelius Vanderbilt under the seventeenth clause of the will, with the exception of his present right to receive the income of such estate until he attains the age of thirty years, prior to the time when, if ever, such rights or interests shall become absolutely vested in possession or enjoyment?"

This question was answered by the Supreme Court in the negative, and the very full consideration given to the subject will satisfy any reader of Mr. Justice White's opinion that the paragraphs of Bernard M. Shanley's will now under review must receive the same construction as was given to the will of Cornelius Vanderbilt.

Referring to sections 29 and 30 of the act of 1898, the court observes that section 29 imposes duties upon two classes of property—first, upon legacies or distributive shares passing by death and arising from personal property; and, second, upon any personal property or interest therein that may be transferred by deed, grant, bargain, sale, or gift, to take effect in possession or enjoyment after the death of the grantor. But, as the statute expressly makes the second class taxable only when it comes into the actual possession and enjoyment of the grantee, any fair construction must apply the same limitation to the first class, unless it should appear that the statute has subjected the first class to a different rule. No such rule was found, however, by the court after a detailed consideration of the act, and the conclusion was reached, fortified by the decisions of several state courts upon similar statutes, that it would be "doing violence to the statute to construe it as taxing such an interest before the period when possession of enjoyment had attached."

It was further pointed out that the construction primarily put upon the act of 1898 by the Treasury Department was in harmony with this construction, and that the construction complained of by Cornelius Vanderbilt's executor was only adopted because the Treasury supposed it to be required by the amending act of 1901. Turning, therefore, to that act, the Supreme Court proceeded to consider this question:

"Did the amendatory act of 1901 enlarge the act of 1898 so as to cause that act to embrace subjects of taxation which were not included prior to the amendment?"

Without referring in detail to the discussion of this question, it is enough to say that, after a careful consideration of the act of 1901, not only by itself, but also in connection with the subsequent acts of April 12, 1902, and June 27, 1902, the court concluded that the

amendments of 1901 did not introduce any new subject of taxation, but merely fixed a uniform period within which the obligation should arise of paying the tax that was levied under the act of 1898, namely, a tax upon a beneficial interest that had already vested in possession and enjoyment; and that when it is necessary to decide what taxes are referred to in the acts of April 12, 1902, and June 27, 1902, the distinction must be borne in mind between an interest which had, and an interest which had not, become vested in possession and enjoyment at the dates mentioned in these two acts. No interest is taxed until it vests in possession and enjoyment.

In view of the opinion of the Supreme Court thus imperfectly summarized, it would be superfluous to discuss further the will of Bernard Shanley. As we think, the case before us cannot be distinguished from Vanderbilt v. Eidman, and therefore, upon the authority of that decision, it must be held that the interests of Bernard Shanley's sons under the seventh section of his will were not taxable. It may be added, however, that the method of calculation adopted by the collector was also objectionable because it reduced the principal of the estate, and thus diminished the income of the widow, in effect taxing her without any authority for such taxation, and that the value of the residuary estate bequeathed to the sons was estimated by the use of mortuary tables, for which use we fail to find any authority in the statute. Still further, if the use of mortuary tables were permissible in a proper case, they should not have been used here, for one of the contingencies contemplated by the will was the remarriage of the widow, and, while the probability of death may perhaps be approximately estimated from the recorded experience of insurance companies, there are as yet no statistics available from which the probability of remarriage may even be conjectured. Dunbar v. Dunbar, 190 U. S. 345, 23 Sup. Ct. 757, 47 L. Ed. 1084.

That interest was properly allowed upon the principal of the tax, since payment had been illegally exacted from the defendant in error, we have no doubt. Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63; Redfield v. Iron Co., 110 U. S. 174, 3 Sup. Ct. 570, 28 L. Ed. 109.

The judgment of the Circuit Court is accordingly affirmed.