## FARRELL et al. v. UNITED STATES.

(District Court, E. D. Arkansas, W. D. February 20, 1909.)

1. INTERNAL REVENUE (§ 8*)—LEGACY TAXES—CONSTRUCTION OF STATUTE—"IM-POSED."

A legacy tax under War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), was not "imposed" within the meaning of the saving clause of the repealing act of April 12, 1902, c. 500, § 7, 32 Stat. 97 (U. S. Comp. St. Supp. 1907, p. 649), until its assessment, and there remained no power to make a valid assessment after July 1, 1902, when the repealing act took effect.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 4, p. 3440.]

2. INTERNAL REVENUE (§ 8*)—LEGACY TAXES—INTERESTS SUBJECT TO TAX.

The interest of an heir in personal property left by an intestate is wholly contingent until the estate becomes distributable under the laws of the state by the expiration of the time for the proving and payment of claims, and where such time did not expire until after July 1, 1902, the share of an heir was not subject to legacy tax provided for by War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), it being provided by Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 (U. S. Comp. St. Supp. 1907, p. 652), that no such tax should thereafter be assessed or imposed on any contingent beneficial interest which should not become absolutely vested in possession or enjoyment prior to said July 1, 1902.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. § 11; Dec. Dig. § 8.*]

## At Law.

The plaintiffs, heirs of Elizabeth Farrell, deceased, seek to recover from the United States the sum of $901.86, money alleged to have been unlawfully collected by the collector of internal revenue as a legacy tax from the administrator of their mother's estate. The allegations of the complaint are that the plaintiffs are residents of this district, and that their mother died in the city of Little Rock, where she resided at the time, on June 3, 1901, intestate, leaving an estate consisting of personal property, and the plaintiffs as her sole heirs at law; that on February 11, 1903, the said estate was assessed, under Act Cong. June 13, 1898 (chapter 448, § 1, 30 Stat. 448 [U. S. Comp. St. 1901, p. 2286]), a tax of the amount claimed as the distributive shares going to plaintiffs as her heirs; that on the 24th of February, 1903, the tax was paid to the collector upon his demand, by the administrator of the estate, out of the funds of said estate, which payment reduced by an amount equal to one-third of said tax each of the said three equal distributive shares accruing and thereafter descending under the laws of the state of Arkansas to plaintiffs; that the distribution of said estate did not take place until September 29, 1903, and that until that time no distributive shares of the value of $10,000 or more took effect in the possession or enjoyment of them; that the distributive shares were, at the time the tax was assessed, contingent beneficial interests which did not pass to, or vest in the possession or enjoyment of, said distributees until said September 29, 1903, on which day it was determined that there would be any shares of $10,000 or more accruing to plaintiffs; that under the provisions of the act of Congress approved June 27, 1902 (Act June 27, 1902, c. 1160, § 1, 32 Stat. 406 [U. S. Comp. St. Supp. 1907, p. 652]), plaintiffs are entitled to recover the amount of said tax; that on December 27, 1907, plaintiffs filed in due form, in accordance with the rules and regulations prescribed by the Secretary of the Treasury under the act of June 27, 1902, their claim of refunding of said tax, which claim was rejected

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the commissioner of internal revenue. Wherefore, they pray judgment for said sum of money.

The answer denies all the allegations, and in addition thereto pleads the statute of limitations of two years under section 3227, U. S. Rev. St. (U. S. Comp. St. 1901, p. 2089). The action is brought under the Tucker act approved March 3, 1887, c. 359, § 1, 24 Stat. 505 (U. S. Comp. St. 1901, p. 753), and, in conformity with section 7 of that act the court makes the following specific findings of facts:

That the plaintiffs R. E. Farrell, Omer Farrell, and Oscar Davis, administrator of the estate of Elizabeth Farrell, deceased, reside in this division and district, and the plaintiff William E. Farrell resides in the state of Louisiana, and that the plaintiffs Farrell are the real parties in interest in this suit; that Elizabeth Farrell died intestate in the city of Little Rock, county of Pulaski, state of Arkansas, of which place she was then a resident and citizen, on June 3, 1901, leaving an estate consisting of personal property, and that the plaintiffs R. E. Farrell, William E. Farrell, and Omer Farrell were her sons and sole heirs at law; that Oscar Davis was duly appointed as administrator of the estate of the deceased by the probate court of Pulaski county, state of Arkansas, on July 23, 1901; that on the 11th day of February, 1903, the estate of Elizabeth Farrell, deceased, was assessed under the act of Congress of June 13, 1898, entitled "An act to provide ways and means to meet war revenue expenditures and for other purposes," an internal revenue tax in the sum of $901.86; that that assessment was upon personal property belonging to said estate, and was based upon the total amount of the said personal property, which exceeded in value $10,000; that the tax, having been demanded by the collector of internal revenue for the district of Arkansas, was, on the 24th day of February, 1903, paid to the said collector by the administrator aforesaid out of the funds of said estate; that payment was made without protest, and reduced by an amount equal to one-third of the amount paid each of the three equal distributive shares accruing to the plaintiffs as sole heirs at law of the deceased; that the estate was in the hands of the administrator and in process of administration on September 29, 1903, upon which date distribution to said heirs was had, and that until said day said distributees and heirs were not in actual physical possession or enjoyment of their respective shares or any part thereof; that on December 27, 1907, the plaintiffs filed an application with the collector of internal revenue for a refund of the said tax in due form and in accordance with the rules and regulations of the Secretary of the Treasury in that behalf made under the act of June 27, 1902, but which claim was rejected by the commissioner of internal revenue, to whom it had been transmitted on February 12, 1908. This suit was instituted September 22, 1908.

John Bruce Cox, for plaintiffs.
William G. Whipple, U. S. Dist. Atty.

TRIEBER, District Judge (after stating the facts as above). Section 29 of the act of June 13, 1898, c. 448, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2307), entitled "An act to provide ways and means to meet war expenditures and for other purposes," as amended by the act of March 2, 1901, c. 806, § 10, 31 Stat. 946 (U. S. Comp. St. 1901, p. 2307), provided for the collection of a tax on legacies or distributive shares arising from personal property passed either by will or the intestate laws of any state or territory, or any personal property or interest therein transferred by deed, grant, bargain, sale, or gift, made and intended to take effect in possession or enjoyment after the death of grantor, etc. Section 30 of this act provides that:

"The tax or duty aforesaid shall be due and payable in one year after the death of the testator, and shall be a lien and charge upon the property of

every person who may die as aforesaid for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States; and every executor, administrator or trustee having in charge or trust any legacy or distributive share as aforesaid shall give notice thereof in writing to the collector or deputy collector of the district where the devisor, grantor or bargainor last resided within thirty days after he shall have taken charge of such trust," etc.

By section 7 of the act of April 12, 1902, c. 500, 32 Stat. 97 (U. S. Comp. St. Supp. 1907, p. 649), section 29 of the act of July 13, 1898, was repealed, the repeal to take effect July 1, 1902. Section 3 of the act of June 27, 1902, c. 1160, 32 Stat. 406 (U. S. Comp. St. Supp. 1907, p. 652), provides:

"That in all cases where an executor, administrator or trustee shall have paid, or shall thereafter pay, any tax upon any legacy or distributive share of personal property under the provisions of the act approved June 13, 1898, and amendments thereof, the Secretary of the Treasury be and he is hereby authorized and directed to refund out of any money in the treasury, not otherwise appropriated, upon proper application being made to the commissioner of internal revenue, under such rules and regulations as may be prescribed, so much of said tax as may have been collected on contingent and beneficial interests which shall not have become vested prior to July 1, 1902, and no tax shall hereafter be assessed or imposed under said act approved June 13, 1898, upon or in respect of any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July 1, 1902."

As the act applies only to "contingent beneficial interests which shall not have become vested prior to July 1, 1902," it is important to determine whether the distributive shares of these plaintiffs, as sole heirs of their mother, who died intestate in the state of Arkansas, where she resided at the time, on June 3, 1901, and letters of administration were issued to Mr. Davis on July 23, 1901, were contingent interests which did not become vested prior to July 1, 1902. Under the laws of the state of Arkansas, the title to all the personalty of a deceased person vests in the executor if there is a will, and the administrator if he died intestate, and they are the only persons who are authorized to collect debts and maintain actions for the recovery of the assets of the estate. Hill's Adm'rs v. Mitchell, 5 Ark. 608; Lemon's Heirs v. Rector, 15 Ark. 436; Pryor v. Ryburn, 16 Ark. 671; Anthony v. Peay, 18 Ark. 24; Pope v. Boyd, 22 Ark. 535; Jacks v. Adair, 31 Ark. 616, 625; Whelan v. Edwards, 31 Ark. 723; Purcelly v. Carter, 45 Ark. 299; George v. Elms, 46 Ark. 260. Payment to the heir of a debt due to the deceased is no satisfaction, and will not legally discharge him from liability to the administrator when legally appointed. McCustian v. Ramey, 33 Ark. 141. Creditors of an estate of a deceased person have two years from the granting of letters of administration to present their claims for allowance (section 110, Kirby's Dig. Ark.). and no executor or administrator shall be compelled to pay legacies or distributive shares until two years after the date of his letters, unless ordered by the court so to do; and not then, until bond with good and sufficient security be given by the legatee or distributee to refund his proportion of any debt which may afterwards be established against the estate, and the costs attending the record thereof (section 160, Kirby's Dig. Ark.).

167 F.—41

The intestate died June 3, 1901, and the administrator of the estate was appointed July 23, 1901. The two years within which creditors could exhibit their claims expired on July 23, 1903.

In Refeld v. Bellette, 14 Ark. 148, it was held that under these statutes the estate of a testator passes, upon his death, into the hands of his executor, in the first place to pay debts, and the right of a legatee to his legacy is suspended until the assent of the executor or the lapse of time for the settlement of his estate, as the devisee takes the legacy subject to the payment of the debts. To this effect is Crow v. Powers, 19 Ark. 424, 438, where it was held that a slave emancipated by will cannot obtain his freedom until two years within which debts could be proved against the estate have expired and the debts paid. The court there said:

"Supposing, then, that the plaintiff derived his title to freedom from the will alone, and entertaining the views just expressed in reference to the necessity of having the executor's assent to the legacy of freedom before the slave emancipated can assert his right thereto in a court of law, and the plaintiff, in the case before us, having failed to prove such assent, or that two years after defendant's administration of the estate of Crow, under the will, had expired at the time this suit was brought, we are constrained to hold that the first instruction given in the court below, at the instance of the defendant, was rightly given."

The instruction thus approved was:

"That if the jury believe, from the evidence, that plaintiff was a slave of Eli Crow in his lifetime, that he was emancipated by the will of said Eli Crow, that said Eli is dead, and said will has been probated, and said defendant is administrator of said Eli, with the will annexed, and that two years had not elapsed since the date of said letters before this suit was commenced, they must find for the defendant."

Therefore, until the estate is ready for distribution, which cannot be done under the laws of this state until the expiration of two years from the date the letters of administration were granted and the presentation and allowance of claims barred by the statute of non-claims, there can be properly no assessment of the tax, as it is impossible to determine how much, if anything, will go to the heirs. In the case at bar the assessment of the tax now sued for was made on February 11, 1903, over seven months after the repeal of the act had taken effect.

In United States v. Marion Trust Co., 143 Fed. 301, 74 C. C. A. 439, the identical question was before the United States Circuit Court of Appeals for the Seventh Circuit, and it was there held that an assessment is a prerequisite to the existence of the tax, and until the estate is ready to pass without diminution to the heir no assessment can take place. It was further held that, after the repeal of the act providing for the tax, no valid assessment could be made, and without a valid assessment the tax cannot be collected.

The contention of the illegality of the collection of the tax must also be sustained on another ground. As has been shown, section 3 of the act of June 27, 1902, c. 1160, 32 Stat. 406 (U. S. Comp. St. Supp. 1907, p. 652), provides:

"And no tax shall thereafter be assessed or imposed under said act approved June 13, 1898, upon or in respect of any contingent beneficial interest which

shall not become absolutely vested in possession or enjoyment prior to said July 1, 1902."

From what has been stated hereinbefore, it is clear that, until the time within which claims against the estate of a deceased person may be presented has expired, the interests of the heirs or devisees are purely contingent, and they are neither entitled to the possession nor enjoyment of any part of the estate, and, in fact, may never receive anything from the estate, for the debts proved against it within the time allowed by statute may consume all the personalty of the estate. It may, and has frequently happened, that a person dies leaving an estate which inventories hundreds of thousands of dollars in personalty, and yet upon final settlement after the payment of the debts and assignment of dower, when there is a widow, may leave nothing for distribution among the heirs or devisees, and may even prove insufficient to pay all the debts in full. Would, in such a case, the tax accrue on the supposed value of the estate upon the contingency that upon final settlement the heirs may receive the estate as inventoried, less the debts probated at the time of the assessment of the tax, although there is another year within which debts may be probated?

After July 1, 1902, under the act of June 27, 1902, no tax was to be assessed or imposed upon or in respect of any contingent beneficial interest which shall not have become absolutely vested in possession or enjoyment prior thereto. On that date none of the distributive shares had vested in the plaintiffs, in possession or enjoyment, nor were they entitled thereto. They could maintain no action therefor against the administrator under the laws of the state then in force. Since then the statute of non-claims has been reduced to one year. Act Ark. May 28, 1907 (Laws 1907, p. 1170, No. 438).

In Vanderbilt v. Eidman, 196 U. S. 480, 25 S. Ct. 331, 49 L. Ed. 563, where this provision of the statute was before the court, it was held, after a careful review of the provisions of section 29 of the act of 1898:

"In view of the express provisions of the statute as to possession or enjoyment and beneficial interest and clear value, and of the absence of any express language exhibiting an intention to tax a mere technically vested interest in a case where the right to possession or enjoyment was subordinated to an uncertain contingency, it would, we think, be doing violence to the statute to construe it as taxing such an interest before the period when possession or enjoyment had attached; and such is the construction which has been affixed to some state statutes, the text of which lent themselves more strongly to the construction that it was the intention to subject to immediate taxation merely technical interests, without regard to a present right to possess or enjoy."

It was further said in that case, in discussing the effect of the refunding act:

"In view of the provision for refunding, we see no escape from the conclusion that this statute was in a sense declaratory of what we hold was the true construction of the act of 1898, and which, as we have seen, had prevailed prior to the amendment of March 2, 1901, and which was only departed from by the administrative officers under a misconception of the import of that amendatory act."

To the same effect are Herold v. Shanley, 146 Fed. 20, 76 C. C. A. 478; Disston v. McClain, 147 Fed. 114, 77 C. C. A. 340; Lynch v. Union Trust Co. (C. C. A.) 164 Fed. 161.

The interest of any heir in the personalty of the deceased, until the ascertainment of the amount which he is to receive, can at most be said to be a "mere technically vested interest," and such an interest the Supreme Court in Vanderbilt v. Eidman, supra, said is not subject to the tax under the war revenue act.

From the foregoing authorities the law may be stated to be that, to subject the estate to this tax, the estate must be absolutely vested in the heir, or at least his right to receive it must be absolute, or, if not entitled to the possession, entitled to its enjoyment, and if the latter, then the tax is on the value of the estate he is permitted to enjoy under the devise. That is the result of the decision of the United States Circuit Court of Appeals for the Eighth Circuit in Westhus v. Union Trust Co., 164 Fed. 795. In the case at bar the heirs neither had the possession nor enjoyment, nor were they, under the laws of the state of Arkansas, entitled to either until the two years within which claims could be established against the estate had expired, and this did not occur until some time after the repeal of the tax had taken effect.

This leaves for determination the plea of the two years' statute of limitations. On behalf of the government it is contended that this action is controlled by sections 3226, 3227, and 3228, Rev. St. (U. S. Comp. St. 1901, pp. 2088, 2089), while on the part of the plaintiffs the contention is that as the act of June 27, 1902, is a refunding act, and no provision for the recovery of the tax is made in case of a wrongful refusal by the Secretary of Treasury, the only remedy is by action under the act of March 3, 1887, c. 359, § 1, 24 Stat. 505 (U. S. Comp. St. 1901, p. 752), known as the "Tucker Act," and that by the provisions of section 2 of that act the limitation is six years.

Internal revenue taxes voluntarily paid cannot be recovered by suit unless the provisions of sections 3226, 3227, and 3228 have been complied with. Cheatham v. United States, 92 U. S. 85, 23 L. Ed. 561; James v. Hicks, 110 U. S. 272, 4 Sup. Ct. 628, 28 L. Ed. 144; Kings County Savings Institution v. Blair, 116 U. S. 200, 6 Sup. Ct. 353, 29 L. Ed. 65; Chesebrough v. United States, 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432; Christie Street Commission Co. v. United States, 136 Fed. 326, 69 C. C. A. 464. Nor does the fact that the suit is instituted against the United States under the Tucker act, instead of under section 3227, Rev. St., change this rule. In Christie Street Commission Company v. United States, Judge Sanborn, who delivered the opinion of the court in that case, said:

"If Congress had affirmatively declared by this law that all actions allowed under it might be commenced at any time within six years after the respective causes accrue, there might be some chance for an argument that there was an inconsistency between the limitation of this act and that of section 3227 which would work a repeal of the latter. But there is certainly no repugnancy between a general law to the effect that no action upon any of several classes of cases shall be brought after six years from the accrual of the cause of action and a statute that no action upon any of a specific class of these cases shall be sustained unless it is commenced within two years of the time when the cause of action arose; and there is no inconsistency between the two limi-

tations. The act of 1887 neither repealed nor modified the provisions of section 3227."

In Petri v. Creelman Lumber Co., 199 U. S. 487, 26 Sup. Ct. 133, 50 L. Ed. 281, the same rule was laid down that a general act does not repeal by replication an earlier special act; and in United States v. Greathouse, 166 U. S. 601, 17 Sup. Ct. 701, 41 L. Ed. 1130, the same rule was applied to the Tucker act.

But is this an action for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected within the meaning of section 3227, Rev. St.? As has been stated hereinbefore, under the laws of the state of Arkansas, the distributive shares of the plaintiffs, as heirs of their mother, who died intestate on June 3, 1901, and letters of administration were issued on July 23, 1901, were contingent, and did not become vested prior to July 1, 1902. The act of 1902, in so far as it applies to payments made without protest prior to its passage, was clearly only a free gift of Congress, for having been paid voluntarily, without protest, the claim for refund was moral only and not legal, and for this reason no action could have been maintained for a refund without the aid of that act. This was the ground assigned by Judge Lowell in Thacher v. United States (C. C.) 149 Fed. 902, who further held that the cause of action is not based upon the illegality of the tax, but only seeks to enforce the free bounty of the government given by that act. He then proceeds:

"If section 3228 be applicable here by analogy, yet the two years therein mentioned must run, if to run at all, not from the payment of tax, which was ineffective to create the claim here in suit, but from the passage of the act providing the bounty which the petitioners seek to obtain."

This is the general rule applying to statutes of limitations affecting rights springing into existence by virtue of the new act. Lewis v. Lewis, 7 How. 776, 12 L. Ed. 909; Sohn v. Watterson, 17 Wall. 596, 21 L. Ed. 737; In re Wehrli (D. C.) 157 Fed. 938. This is a reasonable construction, and when applied to payments made prior to the passage of the act gives the parties ample time to present their claims to the commissioner of internal revenue, and upon his rejection to institute suit therefor. As to payments made after the enactment of the statute and after the repeal of the act went into effect, there is certainly no reason why the provisions of these sections (3226, 3227, and 3228) should not apply. The collection of the tax in 1903 was clearly illegal and without authority of law. As every one is presumed to know the law, the plaintiffs are presumed to have known it, and their duty was to make protest at the time, and in any event to institute the action to recover the money paid within two years from the time of payment. This is the effect of the decision of the United States Circuit Court of Appeals for this circuit in Christie Street Commission Company v. United States, supra, where Judge Sanborn, in a very elaborate opinion, the reasoning of which is unassailable, reached the conclusion that:

"This class of actions, the class founded under a law of Congress, was not enlarged by the act of 1887, but it remained bound by the same limitations and conditioned by the same words after as before the passage of that act.

* * * It is an action directly against the United States, and the logical and unavoidable conclusion is that it was barred by the statutory limitations of section 3227, because it was not commenced until more than two years after the cause of action it presents accrued."

Were this an action to recover money paid prior to the passage of the act, it may be possible that the contention of counsel for plaintiffs could be sustained, but this tax was assessed and payment thereof made long after the enactment of the statute and the repeal of the tax had taken effect. The act covers not only payments made before its enactment, but also payments made thereafter. The object of inserting the latter clause was, no doubt, prompted by the fact that as the act was introduced several months before its final passage, and the repeal was not to take effect until July 1st, Congress intended to provide for the refunding of any such collections made, if wrongful, although made after the enactment of the statute of June 27, 1902, but prior to July 1st. As has been hereinbefore stated, an assessment of this tax, and consequently its collection after July 1, 1902, was without any authority of law, and for this reason was clearly illegally assessed and collected. It was for the recovery of such collections that sections 3226, 3227, and 3228 were enacted. The act of June 27, 1902, was not necessary in order to enable the plaintiffs to maintain this action, as by section 7 of the act of April 12, 1902, the statute under which the collection was made had been repealed to take effect July 1, 1902. These conclusions make it unnecessary to determine whether, under the provisions of section 29 of the war revenue act, contingent interests of heirs of one who died intestate were subject to the tax at all, or whether the tax was limited to personalty or an interest therein, transferred by deed, grant, bargain, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor.

From what has been said it follows, as of course, that as this action was not brought within two years of the payment made by the administrator of the estate, the action is barred by limitation, and judgment will be entered for the defendant.