## Charlotte S. Engles's Estate. Appeal of Phila. Trust, Safe Deposit & Ins. Co., Trustee.

*Will—Annuity—Construction of will.*

Testatrix gave the residue of her estate to a trustee to pay over "one eighth part of the income thereof, not exceeding four hundred dollars per annum (everything in excess of that sum to go into the residue of the income of my estate), in equal quarterly instalments, to Rebecca C. Schott, daughter of my brother James, for and during the term of her natural life, to be applied by her, without the duty of filing any account, to the maintenance of herself and of Daisy R. Schott, until Daisy shall have attained the age of twenty-one years, and thereupon her interest in this annuity ceasing, to pay out of the principal of my residuary estate seven thousand dollars to the said Daisy R. Schott, this legacy to lapse if she die before the age of twenty-one." *Held*, that the annuity to Rebecca C. Schott did not cease upon Daisy R. Schott reaching her majority, and receiving her legacy of seven thousand dollars.

Argued Jan. 17, 1895. Appeal, No. 103, July T., 1894, by the trustee, from decree of O. C. Phila. Co., sustaining exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the court below, which was as follows, by HANNA, P. J.:

"The question here presented is again one of intention, and this can be best arrived at by a consideration of the entire will: Reinoehl v. Shirk, 119 Pa. 108; Baker and Wheeler's Appeal, 115 Id. 590; and 'where there is no ambiguity in the terms of the will a doubt suggested by extraneous circumstances cannot be permitted to affect its construction.' GORDON, Justice, in case last cited, following Sponsler's Appeal, 107 Pa. 95.

"Testatrix devised and bequeathed all the residue of her estate to trustees to hold and pay the income, inter alia, as fol-

lows: 'To pay over another one eighth part of the income thereof, not exceeding $400 per annum (everything in excess of that sum to go into the residue of the income of my estate), in equal quarterly payments, to Rebecca C. Schott, daughter of my brother James, for and during the term of her natural life, to be applied by her, without the duty of filing any account, to the maintenance of herself and of Daisy R. Schott, until Daisy shall have attained the age of twenty-one years, and thereupon her interest in this annuity ceasing, to pay out of the principal of my residuary estate $7,000 to the said Daisy R. Schott; this legacy to lapse if she die before the age of twenty-one years.'

"At the death of testatrix Daisy R. Schott was a minor. The annuity was paid to Mrs. Schott until Daisy attained her majority, since which time, it being recognized by the trustees that the latter's interest in the annuity ceased, she has been paid her legacy of $7,000. But it is now contended that Mrs. Schott's interest in the annuity also ceased upon Daisy reaching lawful age, and she is therefore no longer entitled to it, although it is expressly directed to be paid to her 'in equal quarterly payments . . . . during the term of her natural life.' But we cannot agree with this construction of the language of the will. And although the clause quoted is not skillfully prepared, we fail to discover that it admits of any ambiguity. In the first place, there is a clear and unequivocal gift of one eighth of the income to the extent of four hundred dollars per annum. And in the next place, in equally clear and express terms, it is directed to be paid to Mrs. Schott 'during the term of her natural life.' Again, the object of the gift is stated to be for her maintenance and that of Daisy R. Schott as long as she remained a minor.

"But it was to be applied in her discretion, and for which she was not called upon to account, unless she should be guilty of malversation. Biddle's Appeal, 80 Pa. 258. Now, while it cannot be disputed that Daisy R. Schott having survived her minority is entitled to her legacy, where is there any expression in the will showing the intention of testatrix to be in that event Mrs. Schott shall no longer continue to receive her annuity? After a careful consideration of the clause of the will above quoted and all the provisions of the will, we are unable to ascer-

tain any such intention.   It is, however, thought to be shown by the expression used by testatrix in connection with the indication of her wish that Daisy be maintained also out of the annuity until she reached the age of 21 years, viz : 'and thereupon her interest in this annuity ceasing,' she shall be paid the sum of $7,000.   And that the pronoun *her* referred to Mrs. Schott, and not to Daisy.   But this view is clearly in violation of the rule of grammatical construction; and the proper antecedent referred to is Daisy R. Schott, not Mrs. Rebecca Schott. The latter did not have any interest in the annuity.   It was given to her absolutely for life.   But Daisy had that which was recognized by testatrix as an 'interest' therein, viz : 'maintenance during her minority,' and this interest in the annuity the testatrix undoubtedly intended to cease when Daisy reached her majority.   The reason no doubt was that then she could be maintained by the income from her legacy and would no longer need for this purpose any portion of the annuity. That this is the proper conclusion we think is shown by the clause in the will immediately preceding the one in question. There testatrix gives a similar annuity to Mrs. Ridgely Schott to be applied by her, without the duty of accounting, to the maintenance and education of Charlotte Engles Schott, until she shall have reached the age of 21, and thereupon (this annuity ceasing) to pay to Charlotte Engles Schott $7,000, and Mrs. Ridgely Schott $2,000.

" Here it will be observed she expressly declares the annuity shall cease upon Charlotte reaching the age of 21, and bequeaths a legacy to the former annuitant.   Thus she was abundantly able to express her intention.   And when in the next item of her will she gives an annuity, expressed in correct and technical language, for the life of the annuitant, charged with maintenance during minority only, and at the expiration of which bequeaths to the late minor a pecuniary legacy without in any way disturbing the annuity she had previously given, the natural conclusion is, such was her intention, and the annuitant was to receive her annuity during life, irrespective of the fact that the pecuniary legatee lived to be entitled to her legacy.   And this construction is not to be affected by the fact that the income of the residuary legatee will be diminished. The latter cannot well complain, as by the will she is only

given the income from that which is left after the payments previously directed. Both pecuniary legacies and annuities are clearly to be preferred.

"And even should there be a doubt as to the meaning of testatrix, in view of the explicit and express gift of the annuity as already shown, it will not be permitted to destroy the gift. It will 'not be cut down by any subsequent words or codicil, unless an equally clear intention is apparent: and when a bequest is once made it shall not be considered revoked, unless no other meaning can be put upon the language of the testator.' Watts's Estate, 3 Dist. R. 343; Wetter's Appeal, 20 W. N. 499; Sheetz's Appeal, 82 Pa. 213; Reichard's Appeal, 116 Id. 232.

"Much more might be said in support of the conclusion we have reached, but it is unnecessary. After a careful analysis of the other provisions of the will, with the clause in question, we are confirmed in the view that Mrs. Schott is entitled to the annuity during her natural life. We do not remember that it was suggested at the argument, but we may suppose the contingency foreseen and provided for by testatrix had occurred, viz.: the death of Daisy in her minority. Would it then be doubted that Mrs. Schott is still entitled to the annuity? We think not. Then why, in the absence of any clear and explicit direction that it is to cease, upon Daisy attaining the age of 21 years, should the annuitant be deprived of the contribution towards her maintenance, intended by testatrix?

"We cannot find that she contemplated any such result. The exceptions are accordingly sustained, and a final decree will be prepared by counsel in accordance herewith."

*Error assigned* was in sustaining exceptions and entering decree, quoting decree but not exceptions.

*William W. Porter, Frederick J. Geiger* and *George Q. Horwitz* with him, for appellant, cited: Baker's Ap., 115 Pa. 590; Miller's Ap., 113 Pa. 459.

*Henry Budd, Wm. A. Manderson* with him, for appellee, cited: Watts's Est., 3 Dist. R. 343; Wetter's Ap., 20 W. N. 499 Sheetz's Ap., 82 Pa. 213; Reichard's Ap., 116 Pa. 232.

PER CURIAM, Jan. 28, 1895:

In the light of the clear and able argument of appellant's counsel in support of its contention, we have fully considered the questions presented by the specifications of error; but for reasons given by the orphans' court, we think the will of Charlotte S. Engles was rightly construed, and hence there is no error in the decree. The reasons referred to are clearly and concisely stated by the learned president of that court, and on his opinion the decree is affirmed and appeal dismissed with costs to be paid by appellant.