TITLE GUARANTEE & TRUST CO. et al. v. WARD, Collector of Internal Revenue.

(Circuit Court, N. D. New York. September 28, 1908.)

1. INTERNAL REVENUE (§ 8*)—LEGACY TAXES—"VESTED LEGACY."

A testator, who died in March, 1901, devised and bequeathed his residuary estate to trustees, to hold and manage the same during the lives of the two surviving children of the testator who should be the youngest at the time of his death and for so much longer as permissible under the laws of the state. The trustees were directed to set apart a sufficient sum to produce a certain amount of income to be paid to the widow during her life, and to pay the income from the remainder in equal parts to the four children of the testator named, or to their issue or devisees in case of their death, subject as to a part thereof to certain charges to pay off liens on property. At the termination of the trust the corpus of the estate was to be divided equally between the four children or the devisees, legatees, assigns, or legal heirs of any deceased. *Held*, that each of the four children took at once a vested estate in one-fourth part of the testator's residuary estate, having the immediate right to dispose of the same by deed or will, and to enjoy a part of the income, subject to no contingency, possession of the corpus alone being deferred; that such gifts took effect at once "in possession or enjoyment," and became subject to the legacy tax imposed by War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), and that the taxes paid thereon were not recoverable under Act June 27, 1902, c. 1160, § 3, 32 Stat. 406 (U. S. Comp. St. Supp. 1907, p. 652), as having been assessed on contingent interests which had not become vested prior to July 1, 1902 (citing Words and Phrases, vol. 8, p. 7304).

[Ed. Note.—For other cases, see Cent. Dig. § 12; Dec. Dig. § 8.*]

2. INTERNAL REVENUE (§ 8*)—LEGACY TAXES.

The interests of the children, however, in the portion of the estate to be set apart for the benefit of the widow during her life, did not become vested either in possession or enjoyment during her lifetime, but became subject to tax on her death, which occurred prior to July 1, 1902.

[Ed. Note.—For other cases, see Cent. Dig. § 12; Dec. Dig. § 8.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This action is brought by the executors of the last will and testament of James Jennings McComb, deceased, to recover $73,373, with interest, paid to the defendant, as collector of internal revenue, under protest, as a tax levied and collected under the provisions of Act June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 464, 465 (U. S. Comp. St. 1901, pp. 2307, 2308).

George A. Strong, for plaintiffs.

George B. Curtiss, U. S. Atty., and **Taylor L. Arms**, Asst. U. S. Atty., for defendant.

RAY, District Judge. James Jennings McComb, a resident of the county of Westchester, N. Y., died March 31, 1901, leaving a last will and testament which, as to his residuary estate, contained the following provisions, viz.:

"Fifteenth. All the rest, residue and remainder of my estate of what kind soever, whether real or personal, and wheresoever situated, I give, devise and bequeath to my executors and trustees and to their successors in trust to hold, invest, maintain and manage during the lives of those two of my children who, surviving me, shall be the youngest of my children at the time of my death and for such time thereafter if any as may be permissible by and under the laws of the state of New York upon the trusts and for the purposes stated below, to wit:

"(1) To raise and set aside such sums as may be required and may not otherwise have been provided to secure and meet the payments directed in the preceding clauses of this my will and to make such payments in accordance with the terms of said will.

"(2) To set aside and separately invest a sum sufficient to insure an annual income of twelve thousand dollars and to pay such income in monthly, semiannual or quarterly installments as she may request to my wife Mary Esther McComb during her life, and, upon her death to dispose of said sum as is hereinafter directed in respect to the principal of my residuary estate.

"(3) From the income of said residuary estate not otherwise disposed of, to pay the sum of six thousand dollars per annum, in semiannual or quarterly installments, to each one of my four children, to wit: Mary Alice, Fanny Rayne, Lillie and Jennings Scott, and to apply the remainder of said income during the continuance of this trust to the payment and satisfaction of all liens or mortgages upon the aforesaid Central Park Apartment Buildings until all said liens and mortgages shall have been paid off and satisfied and then to divide the said remaining income equally among and pay the same in equal parts to my four children above mentioned, paying to the issue or devisee of any child dying before the termination of said trust, the parent's share and distributing equally among the surviving children the share of any who may have died without issue and intestate.

"(4) Upon the termination of said trust, to pay and satisfy any liens or mortgages upon said Central Park Apartment Buildings then remaining unpaid and thereupon to pay, transfer and convey said residuary estate in equal parts, share and share alike, to my said children above named, or to their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns.

"It is my desire that the Central Park Apartment Buildings shall continue to be held as one property and in the name of my family so long as practicable and I therefore request my children to agree among themselves to such distribution of my residuary estate as will leave my son, Jennings Scott, should he survive said trusts, in possession of said buildings as owner thereof, but I do not make this request a peremptory direction, nor do I intend hereby to disturb the equality of division among my children.

"Should the trusts of this article of my will terminate while any one of my children is less than forty years of age I direct my executors and trustees, if the laws of the state of New York permit them to do so, to defer the payment of

one-half the principal share of any of my children under such age in such way that a final payment of one-half said share will be made when the beneficiary attains the age of forty years.

"It is my will and I direct that interest on all the legacies and bequests made by this my will, shall commence at and be reckoned from the time of my death."

This will and the codicils thereto were duly proved and admitted to probate in the county of Westchester, N. Y., on the 23d day of April, 1901, on which day letters testamentary were duly issued to the plaintiffs. This was prior to the repealing act (Act April 12, 1902, c. 500, 32 Stat. 96 [U. S. Comp. St. Supp. 1907, p. 646]), and the refunding and qualifying act (Act June 27, 1902, c. 1160, 32 Stat. 406 [U. S. Comp. St. Supp. 1907, p. 652]). However, section 3 of the act of June 27, 1902, has application here if the case is within its provisions. That section reads as follows:

"Sec. 3. That in all cases where an executor, administrator, or trustee shall have paid. or shall hereafter pay, any tax upon any legacy or distributive share of personal property under the provisions of the act approved June thirteenth, eighteen hundred and ninety-eight, entitled 'An act to provide ways and means to meet war expenditures, and for other purposes,' and amendments thereof, the Secretary of the Treasury be, and he is hereby, authorized and directed to refund, out of any money in the treasury not otherwise appropriated, under proper application being made to the Commissioner of Internal Revenue, under such rules and regulations as may be prescribed, so much of said tax as may have been collected on contingent beneficial interests which shall not have become invested prior to July first, nineteen hundred and two. And no tax shall hereafter be assessed or imposed under said act approved June thirteenth, eighteen hundred and ninety-eight, upon or in respect of any contingent beneficial interest which shall not become absolutely vested in possession or enjoyment prior to said July first, nineteen hundred and two."

The decision of this case depends upon the nature and quality and extent of the estate or interest vested in the four children of the testator, James Jennings McComb, viz.—Mary Alice, Fanny Rayne, Lillie, and Jennings Scott.

The testator named executors and trustees, and to them he devised and bequeathed all the rest, residue, and remainder of his estate, both real and personal, in trust, however, to hold, invest, maintain, and manage during the lives of those two of his children who, surviving him, should be the youngest of his children at the time of his death, and for such longer time as the laws of New York would permit, and upon the trusts and for the purposes: (1) To raise and set aside certain sums to satisfy certain payments directed by preceding clauses of the will; (2) to set aside and invest a sum that would secure an annual income of $12,000 to his wife; (3) from the income not otherwise disposed of to pay $6,000 per annum to each of his four children, naming them; (4) the remainder of the income to be used during the life of the trust to pay liens on the Central Park Apartment Buildings (part of his residuary estate) until paid off, and then to pay the remaining income to such four children, paying to the issue or devisee of any child dying before the termination of the trust the parent's share, and "distributing equally among the surviving children the share of any who may have died without issue and intestate"; (5)

on the termination of the trust to satisfy any lien on such apartment building and thereupon to pay, transfer, and convey the residuary estate in equal parts, share and share alike, to the said children, or to their respective heirs, legatees, devisees, next of kin, executors, administrators, or assigns. In case the trust should terminate while either child was under 40 years of age, then, if the laws of New York would permit, he directed payment over of the share of such child in the principal deferred until he or she should reach the age of 40 years. It will be noted that, subject to the deductions for the purposes mentioned, each of the four children takes a present vested estate in the one-fourth part of the residuary estate, which is descendable, devisable, bequeathable, or assignable, which may be transferred by will, or by deed or bill of sale. They are to enjoy the income, except as stated; but possession of the corpus of the estate, of the share, is deferred until the termination of the trust—possibly until each child, respectively, reaches the age of 40 years. In no event or contingency is the title to the share of any child in the principal defeated. There is no contingent remainder or contingent estate as to the principal. Each child enters into the enjoyment of a part of the income at once. Each child may deed, or sell, or will away his or her share of the principal at once, and, in case he or she does not, then his or her heirs and next of kin take on his or her death. Possession of the principal is deferred—not beneficial enjoyment of the whole of the income therefrom. In no event is title defeated. In no event is the title contingent. It is not the case of vesting, subject to being divested on the happening of some event, in some certain contingency.

In plaintiff's reply brief he says that this may be conceded. The plaintiff, however, contends that, to be taxable under the provisions of the law referred to, the shares must be vested, not only in title, but in both possession and enjoyment, and cites Vanderbilt v. Eidman, 196 U. S. 480, 489, 490, 25 Sup. Ct. 331, 49 L. Ed. 563, as supporting this contention. The government, however, contends that the case cited holds no such doctrine, but, on the other hand, holds that a share is taxable when absolutely vested in title and beneficial enjoyment of the use and income in whole or in part, even if possession or payment over of the principal sum be deferred for a limited period; that is, if the title is given absolutely, with an absolute, indefeasible right to the receipt and possession and use of the rents and income, in whole or in part, and an absolute, indefeasible right to dispose of the principal, which, of course, goes with absolute title, then it is taxable, even if payment over or delivery of the principal is deferred for a lawful period.

What does the Vanderbilt Case decide? It is clear that the court was not called upon to decide any such proposition as is contended for by the plaintiff here. In that case Alfred G. Vanderbilt, aside from the income, had but a contingent estate. If vested in any sense, his estate or title as to all not paid over to him was subject to be divested on the happening of a certain event, viz., his death before attaining the age of 35 years. In that event the share of which he had the income, or so much as was not paid over when he became 30 years of age, if he lived to attain that age, was to be divided amongst his children,

if any, and in default of issue then such share was given to another son of the testator, Reginald C. Vanderbilt. When Alfred G. reached the age of 30 years he was to have one-half the principal paid over to him. If, however, he died before reaching the age of 30, then the whole principal went to his children, if any, and, if none, then to his brother, Reginald C. There Alfred G. had no power of disposition of the principal, by will or otherwise. If he lived to the age of 30 years, he became absolute owner of the one-half; but, if he did not, then his heirs and next of kin, legatees, and devisees took nothing from him, but his children, if any, took under the will of the testator creating the trust. If he left no child or children, it was given to his brother. There, as here, the property was given and held in trust by trustees, so that Alfred G. had no possession of any part of the principal, and was not to have, until he reached the age of 30 years. That case differs from this, in that there Vanderbilt had an estate, if he had any, subject, as to the principal fund, to be defeated and divested absolutely and entirely by his death before reaching the age of 30 years, and subject, as to one-half the principal fund, to be defeated absolutely and entirely by his death after reaching the age of 30 and before attaining the age of 35 years. His estate was not vested absolutely, in ownership or in possession, but was in the enjoyment of the income. Here the estates of the children of the testator, McComb, are vested absolutely in ownership, in enjoyment of a part of the income, but not in possession. In the Vanderbilt Case the beneficiary of the trust, Alfred G., had no right or power to dispose of the principal, or any part of it, in any way or by any means, while here the right of the children of McComb to dispose of their several interests at any time and in any manner is absolute and unqualified.

In the Vanderbilt Case did the Supreme Court decide that, to be taxable in præsenti, the estate or property must be vested in title, in full enjoyment of the income, and also in possession? If so, that ends this case. It will be noted that in the Vanderbilt Case, if there was any vesting of the title, it was a technical vesting, while here the estates are absolutely vested both in title and enjoyment of the income to an extent. There the court was speaking of the case before it and of such a technical vesting. There the will gave title to one-half the residuary estate to Alfred G. when he attained the age of 30 years, if he did attain that age, to his children, if any, in case he did not, and, if no child, then to his brother. As to the other one-half the will gave him title if he attained the age of 35 years, gave title to his child or children, if any, in case he did not attain that age, and in such event, in default of children, gave it to his brother. There the tax was levied on an estate or property that might be given by the will to Alfred G., or to his children, or to his brother, depending on subsequent events. The Supreme Court held that the corpus of such an estate passing by will was not taxable until it should be ascertained who was the donee, the legatee, or devisee entitled to take. But here there is no such indefiniteness or uncertainty. The absolute title of each share, except mere possession of the principal and certain changes in the income, is given by the will to each child, respectively. The child of the testator can dispose of the title thereto. No other

person can. Such child has and enjoys the income absolutely, subject to the interest of the widow and certain payments on liens on a part of the property. At common law the title and estate of each child is vested, not technically, but absolutely; not in possession, however, but no power or event, save the voluntary act of the child of the testator, can divest that title. His or her death does not, for in that event the title goes according to his will or deed, or according to the law in cases of intestacy, not under the will of McComb.

According to the contention of the plaintiff no estate passing by will was taxable under the act in question, where possession or payment over by the executor or trustee of the principal was deferred until a subsequent time. If the Supreme Court of the United States so decided in Vanderbilt v. Eidman, supra, the plaintiff must prevail. I think the keynote of the holding of that case is found in the language used at page 495 of 196 U. S., at page 335 of 25 Sup. Ct. (49 L. Ed. 563) viz.:

"In view of the express provisions of the statute as to possession or enjoyment and beneficial interest and clear value, and of the absence of any express language exhibiting an intention to tax a mere technically vested interest in a case where the right to possession or enjoyment was subordinated to an uncertain contingency, it would, we think, be doing violence to the statute to construe it as taxing such an interest before the period when possession or enjoyment had attached."

The language is explicit that the statute discloses no intent to tax—

"a merely technically vested interest in a case where the right to possession or enjoyment was subordinated to an uncertain contingency."

And after thus describing the interest the court says:

"It would, we think, be doing violence to the statute to construe it as taxing such an interest before the period when possession or enjoyment had attached."

That the interests of the children of McComb are not such an interest is clear. Their interests are neither technically vested interests, nor is the right to enjoyment subordinated to any uncertain contingency. The absolute right to possess and enjoy the income, subject to certain charges, and to dispose of the principal by will or otherwise, attached immediately on the death of McComb, and the right to the possession of the principal is fixed at definite and certain times. As to the children of the testator, McComb, these periods can neither be accelerated nor retarded. Again, at page 490 of 196 U. S., at page 334 of 25 Sup. Ct. (49 L. Ed. 563), speaking of the plaintiff's contention in the Vanderbilt Case, the Supreme Court said:

"In other words, the proposition is that the act did not make subject to taxation a gift, which, even if technically vested in title, was yet subject to be defeated in possession or enjoyment by the happening of a contingency stated in the will. The argument, therefore, is that, when such a gift was made by will, no tax could be imposed until the time when, by the happening of the contingency stated, the right to possess or enjoy had accrued."

And again, at pages 492, 493, of 196 U. S., at page 334 of 25 Sup. Ct. (49 L. Ed. 563), says the court:

"As to this second class [personal property transferred by deed, grant, bargain, sale, or gift] the statute specifically makes the liability for taxation de-

pend, not upon the mere vesting in a technical sense of title to the gift, but upon the actual possession or enjoyment thereof."

We have a constant recurrence to the expression "vested" or "vesting" in a "technical" sense, demonstrating that the court was all the time speaking of estates, not vested in fact, but which the law for purposes of convenience treat as vested. The language of the statute is:

"Sec. 29. That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property, where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise, shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows—that is to say." Act June 13, 1898, c. 448, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307).

The words are: "Intended to take effect in possession or enjoyment." I am of opinion that when the estate is absolutely vested in ownership, with absolute right of disposition, and is accompanied by the absolute right to enjoyment of the income, so far as given by the will, present possession or present right of possession of the property itself is unnecessary, and that such interest is presently taxable. I do not think that in this connection "possession" means the same as "enjoyment." If the gift of the principal is absolute, then either possession thereof or the right to enjoy the income so far as given is all-sufficient. Neither the statute nor the language of the Supreme Court reads "possession and enjoyment" but "possession or enjoyment." If the personal property is absolutely given by will by an indefeasible title, and is accompanied by a present right to the possession and use of the income so far as given by the will, possession of the principal for a limited time by the trustee does not defer the imposition and collection of the tax until the time for payment over.

Applying the rule contended for, had the war continued and the act remained in force, the government would have received no present, substantial benefit from the tax, as many, if not all, testators, while giving absolute title and the entire income beneficial use, would have deferred payment over of bequests until a future day. The legatees named in the residuary clause of the will of James Jennings McComb took vested estates in the residuary estate, as contradistinguished from technically vested estates, and beneficial interests, capable of absolute and certain valuation. Their absolute title was not uncertain, or liable to be defeated by the happening of any event or in any contingency. Vanderbilt v. Eidman, supra, decides nothing to the contrary. Repeating, the court, at pages 498 to 501 of 196 U. S., page 331 of 25 Sup. Ct. (49 L. Ed. 563), refers to the fact that estates vested in possession or enjoyment were taxable. The language is not, as claimed by the plaintiff here, "vested in possession and enjoyment." And the court, at page 501 of 196 U. S., page 338 of 25 Sup. Ct. (49 L. Ed.

164 F.—30

563), refers to Clapp v. Mason, 94 U. S. 589, 24 L. Ed. 212, as interpreting Act July 1, 1862, c. 119, 12 Stat. 432, 485, levying war taxes, and in substance says that that act, as interpreted in Clapp v. Mason, supra, meant exactly what the act of 1898, now under consideration, means. Turning to Clapp v. Mason, 94 U. S. 592, 24 L. Ed. 212, and to Act June 30, 1864, § 137, c. 173, 13 Stat. 289, there quoted, we find the taxes were properly and legally levied, and became due and payable—

"when the successor or any person in his right or his behalf should become entitled in possession to his succession, or to the receipt of the income or profits thereof."

This makes clear what the court meant in Vanderbilt v. Eidman by "vested in possession or enjoyment"; that is, under both acts, that of 1862 and 1898, the tax was assessable and payable when the donee of the gift came into actual possession of the gift, or of the income or profits.

By the plaintiff I am cited to Land, etc., Co. v. McCoach, 129 Fed. 901, 64 C. C. A. 333, Herold v. Shanley, 146 Fed. 20, 76 C. C. A. 478, Disston v. McClain, 147 Fed. 114, 77 C. C. A. 340, and Union, etc., Co. v. Lynch (C. C.) 148 Fed. 49. Neither of these cases, unless it be Herold v. Shanley, or Union Trust Co. v. Lynch, supports the plaintiff's contention here.

In Land, etc., v. McCoach, supra, the residuary estate was given to trustees, in trust to pay the income to his wife during her life, with remainder to his children living at her death, if any, and the lawful issue of any deceased child or children; the issue taking the parent's share. The remainder was not vested in any child, except technically. The remainder was not limited to persons in esse and ascertained, but was given to persons who could not be ascertained until the death of the wife. The children had neither title nor beneficial use. They could not sell or dispose of their contingent or prospective shares and give title. If one died childless before the death of the wife, he or she took nothing. If one died leaving a child or children, such child or children took the parent's share. Clearly these interests were not taxable until it was ascertained who would take.

In Herold v. Shanley, supra, $100,000, and in a certain event $150,000 more, were given in trust, the income to be expended for the support, etc., of the testator's grandson until he should arrive at the age of 21 years. On his arrival at that age such sums were to be paid to him. If he did not live to reach that age, then the said sums reverted to, or fell into and became a part of, the residuary estate. Clearly this grandson had nothing but the income and an estate in expectancy in the $250,000. It was contingent, and liable to be defeated by his death before reaching the age of 21 years. As to the residuary estate, the net income was given to his wife and three sons, share and share alike, until the death or marriage of his wife. In either event her interest ceased and—

"thereupon I direct that all the rest, residue and remainder of my estate, real and personal, subject to the provisions above written for the benefit of my grandson, shall be distributed and divided among my three sons, share and share alike."

The case is silent as to the disposition of the residuary in case either son died before the death or remarriage of the wife.  Judge McPherson, in giving the opinion of the court, held this immaterial, and construed Vanderbilt v. Eidman as so holding.  At page 23 of 146 Fed., at page 481 of 76 C. C. A., he says, referring to that case:

"Remainders over were limited in case he (Alfred G.) should die before reaching the age of 30 or 35, but these were not regarded as material to the construction of the clause."

I do not so read the decision of the Supreme Court and differ from the learned court in Herold v. Shanley.   Those limitations over were what made the estate of Alfred G. Vanderbilt a "technically" vested estate, instead of one absolutely vested in title and interest, everything except actual possession of the corpus of the estate, and led the Supreme Court to constantly draw the distinction between "vested estates," and "technically vested estates," and to hold that the latter were not presently taxable.   The fact that payment over of the corpus of the estate is deferred, if there be a present absolute gift thereof, accompanied by the present enjoyment of the income, does not prevent the absolute vesting, and in such case there is no "technical" vesting. The cases will be cited and quoted from later.   But see 8 Words and Phrases, tit. "Vested Legacy," p. 7304.

If the Supreme Court, in Vanderbilt v. Eidman, intended to hold that estates absolutely vested in title and enjoyment of the income, possession of the corpus alone being deferred, were not taxable presently, it would have been easy to so say, and all the reasoning and nice discriminations made in the opinion of the court, especially the language quoted, would have been unnecessary.   As I read the case, the court held that the estate or interest of Alfred G. Vanderbilt was not presently taxable, for the reason that the share was not given him absolutely, with absolute power of disposition, but the gift was subject to be defeated by his death before attaining the age of 35 years, and was therefore only "technically vested"; that is, the estate, if regarded as vested, was liable to be divested by his death before reaching the prescribed age.   The right of Alfred G. to the income was absolute. His right to the principal was uncertain and contingent.   If this is not the decision, then the language of the Supreme Court quoted is meaningless and was unnecessary.   And, to repeat, the court in Vanderbilt v. Eidman held that the act of 1898 is in effect the same as that of 1862, and means the same, and there the tax was due and payable when the donee came into possession of the estate, or into the receipt of the income or profits thereof.   The McComb children came into the receipt of the income before the tax was levied.

In Disston v. McClain, supra, Rachael Asch was given $15,000 per year in quarterly payments, same to cease on her death.   Who was to take the corpus on her death was uncertain.   The commissioner of internal revenue took such a sum as would produce $15,000 per year as her interest, and taxed that sum.   This was clearly erroneous. The case had nothing to do with the bequest of a fixed sum absolutely, with present enjoyment of the income; payment over of the principal alone being deferred.   The case is not in point.   In the case at

bar there is nothing "contingent" about the estate of the children of the testator, except actual possession of the principal. But that is not the estate given by the will. The estate or interest given is absolute and certain. It takes effect in title and beneficial enjoyment at once, but not in possession of the corpus. "A contingent estate depends for its effect upon an event which may or may not happen; as an estate limited to a person not in esse, or not yet born." 1 Bouvier; Crabb, Real Property. A contingent legacy is "a legacy made dependent upon some uncertain event." 1 Bouvier; 1 Roper, Legacy, 506. It is "a legacy which has not vested." Williams on Executors.

"On the subject of what constitutes a vested or contingent legacy, this court has in many cases iterated and reiterated the rule of the courts in England that, where there is a substantive bequest or gift of a sum of money to be paid at a future time, the legacy is vested; but, where there is no antecedent debt or bequest independent of the period fixed for payment, then it is not vested, but contingent. Magoffin v. Patton, 4 Rawle (Pa.) 113; Appeal of Seibert, 19 Pa. 49, 56; Lamb v. Lamb, 8 Watts (Pa.) 184 (cited in Appeal of Bowman, 34 Pa. 19, 23). * * * A legacy is not said to be vested, except where a legatee has power to extinguish by release or give perfect title by assignment. Where words of futurity are annexed to the substance of the gift, and there is nothing in the will to manifest a different intention, the gift itself will be deemed future, and the question of who is the beneficiary will be deemed dependent on the state of facts when that future time shall arrive. And in this class of cases the legacy is said meanwhile not to be vested, although, if it were an estate in real property given by the same language, it would technically be called a 'vested,' as distinguished from a 'contingent,' remainder. Talmadge v. Seaman, 85 Hun, 242, 32 N. Y. Supp. 906, 908 (citing Delafield v. Shipman, 18 Abb. N. C. [N. Y.] 300, note). When a legacy is directed to be paid at a future time, or on a future event, it is vested or contingent, according to the intent of the testator as expressed in his will. If the time or event is annexed to the payment of the legacy, it is vested; if to the substance or gift of the legacy, it is contingent. Therefore, if a legacy be given to a person payable or to be paid at or when he shall attain the age of 21 years, or at any other definite period or event, the legacy becomes vested immediately upon the testator's death, and is transmissible to the will or administration of the legatee, though he die before the time of payment. But if the words 'payable' or 'to be paid' are omitted, and the legacy is given at 21, or at or upon any future period, the interest is contingent, and depends for its vesting on the legatee being alive at the period or event specified. Rubecane v. McKee, 6 Del. Ch. 40, 6 Atl. 639, 641 (citing Conwell's Adm'r v. Heavilo's Adm'r, 5 Har. [Del.] 296). A legacy is contingent, and not vested, when the payment thereof is deferred for reasons personal to the legatee. Thus a will directing the trustee, on the death of a life tenant, to pay out of the residuary estate a certain amount to each of two nephews of testatrix when they shall reach majority, and, in case either die before that age, to pay his legacy to the survivor, creates contingent, and not vested legacies. In re Engles' Estate, 166 Pa. 280, 31 Atl. 76, 78. If a legacy, charged upon the personal estate only of the testator, be given unconditionally, and dependent upon no future contingency, then, though the day of payment be postponed, as if it is to be paid when the legatee attains the age of 21 years, or marries, or some other contingency happens, yet, if the legatee die before that day, his representatives shall take. It is a vested legacy. It cannot fall. Fairly v. Kline, 3 N. J. Law, 754, 758, 4 Am. Dec. 414."

Fearne (Fearne, Con. R. 1) subdivides vested estates into (1) estates vested in possession and (2) estates vested in interest, and distinguishes and contrasts both with contingent estates. It is a settled rule that:

"Where futurity is annexed to the substance of a gift made by will, the vesting is suspended; but if the gift is absolute, and the time for payment over only is postponed, the gift is vested." Smith v. Edwards, 88 N. Y. 103; Miller v. Gilbert, 144 N. Y. 68, 73, 38 N. E. 979.

See, also, Fowler's Real Property Law, State of N. Y. 209, etc.

There is another rule of construction referred to in Smith v. Edwards, supra, which should not be lost sight of. But it is not controlling here for several reasons. It is that:

"Where there is no gift, but by a direction to executors or trustees to pay or divide at a future time, the vesting in the beneficiary will not take place until that time arrives." Shipman v. Rollins, 98 N. Y. 311, 327; Schlereth v. Schlereth, 173 N. Y. 444, 449, 66 N. E. 130, 93 Am. St. Rep. 616.

However this rule is not inflexible, and is to be applied in subordination to the testator's intention, appearing from the entire will. Matter of Young, 145 N. Y. 535, 538, 40 N. E. 226; Matter of Brown; 154 N. Y. 313, 325, 48 N. E. 537; Roosa v. Harrington, 171 N. Y. 341, 348–351, 64 N. E. 1. As said in Smith v. Edwards, supra, and quoted with approval in Roosa v. Harrington, supra:

"It applies only where, beyond the direction for future distribution, there are no words and no provisions which import a present or vested gift, or indicate such an intent."

Here, over and beyond the mere direction to pay over to the children of the testator named on the termination of the trust, we have words which clearly import an absolute gift in præsenti to, and a vested estate in, the children named. The payment over of the corpus of the residuary estate is to be made in equal shares to the children themselves, if living; but, if either child be dead, then payment, transfer, and conveyance by the trustees is to be made of that share to his or her heirs, legatees, devisees, next of kin, executors, administrators, or assigns. As to the real estate held in trust, the child may devise by will or convey by deed at any time during the life of the trust, and as to personal property it may be assigned or bequeathed by will; but, if not disposed of in either manner, then it goes, as the property and estate of the child so dying, to his or her heirs, or, if personal, to his or her executors or administrators. It seems clear to me that the will of McComb, while containing no words like "I give," "I bequeath," or "I devise," as to the residuary estate, contains equivalent words, and that it is plainly indicated that the testator intended a present gift absolute, except as to possession and a charge on the income. This residuary estate was in existence, its amount easily ascertained, and was subject to no uncertainty. By giving enjoyment of the income and absolute power to dispose of the principal, it seems to me, the testator intended a vested estate.

In view of my conclusions that the estates of the children in the residuary were vested estates, as distinguished from technically vested estates; that the right to possession or enjoyment is not subordinated to any uncertain contingency; that the children came immediately into the possession and beneficial enjoyment of the rents and income subject to certain charges; that the Supreme Court, in Vanderbilt v. Eidman, has decided that the act of 1898 means the same as the act

of 1862, and is to be given the same construction as to the time when the tax should be assessed and becomes due and payable; and that that act expressly provided that "the duty imposed by this act shall be paid at the time when the successor, or any person in his right or his behalf, shall become entitled in possession to his succession, or to the receipt of the income or profits thereof"—I think the tax in question was in part legally assessed, and was due and payable at that time. But it is clear that the whole residuary estate was not presently taxable. Of that part set aside or apart for the use of the widow, separated for that purpose, the children had no enjoyment, and were not to have any, until the death of the widow. They were not to have possession or enjoyment of that until the death of the widow. It was vested in title only. But the widow died July 3, 1901, and hence that sum so set apart for her then fell into the residue and the income went to the children named. That part then became taxable, and was properly taxed. From the evidence and papers before me I am unable to find that any tax was levied and collected on any part of the estate of which the children named did not have the use or income. If any part of the sum paid is a tax on such a part of the residuary estate, it may be pointed out on the settlement and signing of the judgment, and will be deducted.

The plaintiff contends that something over $4,000 was paid as interest on the tax. This interest demanded and paid covers the time which elapsed while the parties were engaged in a settlement, or an attempted settlement, of the legal amount of tax to be paid. This was a friendly dispute or contention. No disposition was shown to evade the payment of any lawful tax, and there was no wrongful withholding of any sums. But this was not a case of unliquidated damages or of a disputed account. The law fixed the tax and the time when due, and it seems to me that when return was made and the tax fixed by the government it became due as of the time fixed by law, and drew interest, even if there was a prolonged dispute as to the amount or the legality of the tax.

The plaintiff claims to be entitled to recover $8,142.77, or about that sum, and interest, of the sum paid, on the theory that the tax assessed, claimed, and paid was excessive by that amount. I find no evidence that it was in fact excessive, except the returns and some letters and figures, which show that the commissioner of internal revenue admitted errors prior to October 18, 1906, and on that day made a statement in writing of the tax actually due at the date the assessment was made, giving figures. As the admission and figures appear to be correct in fact, based on the amount and value of the estate passing, or the estates passing, I think it clear that the plaintiffs are entitled to recover the sum of $8,142.77 and interest thereon from the time paid, and also the amount of interest paid on that sum from the time the assessment was made to the time of payment of the tax, as that amount of interest was illegally exacted.

There will be a judgment accordingly.