WARD, Collector of Internal Revenue, v. SAGE et al.

(Circuit Court of Appeals, Second Circuit. February 14, 1911.)

No. 128.

1. INTERNAL REVENUE (§ 8*)—WAR REVENUE ACT—LEGACIES—TAXATION—CONTINGENT INTEREST.

Where the interest of certain legatees in the corpus of the estate was contingent only, terminable by death before reaching 35 years of age, with no power to designate a successor, the shares of the corpus of legatees who had not reached the required age at testator's death on June 23, 1902, were not subject to internal revenue tax imposed by War Revenue Act June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 464, 465 (U. S. Comp. St. 1901, pp. 2307, 2308), under the rule that only interests vested in possession or enjoyment were saved from the repeal of the act by Act Cong. April 12, 1902, c. 500, §§ 7, 8, 32 Stat. 97 (U. S. Comp. St. Supp. 1909, pp. 875, 876).

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*]

2. WILLS (§ 628*)—LEGACIES—"ENJOYMENT."

Where legatees had full and absolute control of the disposition of their share of the residue, and each was entitled to all the income accruing therefrom after the testator's death, the legacies were vested in "enjoyment," though not in possession.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 628.*

For other definitions, see Words and Phrases, vol. 3, p. 2398.]

3. INTERNAL REVENUE (§ 8*)—LEGACIES—TAXATION—POSSESSION.

Where the interests of certain legatees in two-thirds of the residue of testator's estate were vested in enjoyment but not in possession at the time War Revenue Act June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 464, 465 (U. S. Comp. St. 1901, pp. 2307, 2308), were repealed by Act Cong. April 12, 1902, c. 500, §§ 7, 8, 32 Stat. 97 (U. S. Comp. St. Supp. 1909, pp. 875, 876), because the executors would not pay any legacy, principal, or income until one year after the granting of letters, such interests were taxable.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*]

4. INTERNAL REVENUE (§ 8*)—LEGACIES—RESIDUE AFTER LIFE ESTATE.

Where certain legatees had a vested remainder in one-third of the residue and in the personal property in testator's residence, bequeathed to the widow for life, but were not entitled to possession until after the widow's death, nor to any income during her life, their remainder interest was not subject to internal revenue taxation under War Revenue Act June 13, 1898, c. 448, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2286), repealed by Act April 12, 1902, c. 500, 32 Stat. 96 (U. S. Comp. St. Supp. 1909, p. 874), prior to the falling-in of the life estate.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*]

5. INTERNAL REVENUE (§ 8*)—TAXATION—ASSETS—CHOSE IN ACTION.

Under War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), imposing a tax on legacies arising from per-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

· sonal property passing by will after the passage of the act from any person possessed of such property, property passing by will was not relieved from the tax because at the time of testator's death it existed in the form of a mere chose in action consisting of the testator's share of partnership assets.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*]

In Error to the Circuit Court of the United States for the Northern District of New York. ·

Action by William H. Sage and, others, as executors, etc., against John G. Ward, as Collector of Internal Revenue, to recover $69,940.88, paid to him under protest as direct taxes on certain legacies bequeathed by the will of Dean Sage under War Revenue Act 1898, §§ 29, 30 (Act June 13, 1898, c. 448, 30 Stat. 464, 465 [U. S. Comp. St. 1901, pp. 2307, 2308]). The tax consisted of five items of $12,788.01 each on the interest of two sons and three daughters in portions of the residuary estate. The cause was tried before the court without a jury and a verdict directed for the whole amount. Reversed and remanded for new trial.

George B. Curtiss, U. S. Atty., for plaintiff in error.

Frederick Townsend (James F. Tracey, of counsel), for defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The testator left a widow and five children. The will divides the residuary estate into thirds, setting aside one-third for the benefit of the widow for life, to become at her death part of the general residue. The widow was also given a life use of the testator's residence and contents in which was personal property appraised at $25,000. The remainder interests in this $25,000 of personal property were included with the remainder interests in the widow's third of the general residue in the taxation of the children's shares. The two-thirds of residuary estate remaining after setting aside the widow's third was divided into five equal legacies for the benefit of the five children. Each child therefore had a present interest in one-fifth of two thirds of the whole estate and a remainder interest in one-fifth of the other third, subject to the widow's life estate in that. Possession of the principal of the children's shares, however, was to be deferred, in the case of sons, until they arrived at 25, and in the case of daughters until 35 years of age, with gifts over in the event of death before their respective periods, to the descendants of the child so dying, if any, and, if not, to the surviving brothers and sisters. It is apparent, therefore, that the death of a child before the stated period would cut off all its rights; no power to dispose of his or her share by will or otherwise being given to such child.

The items of each tax are as follows:

| | |
|---|---|
| One-fifth present interest in two-thirds residue | $ 9,746 91 |
| One-fifth remainder interest in one-third residue | 2,984 27 |
| One-fifth remainder interest in $25,000 | 56 83 |
| | $12,788 01 |

Section 29 of the war revenue act was repealed by the act of April 12, 1902 (Act April 12, 1902, c. 500, § 7, 32 Stat. 97 [U. S. Comp. St. Supp. 1909, p. 875]), which by its terms took effect July 1, 1902. It preserved "all taxes—imposed by section 29 of the act of June 13, 1898, and amendments thereof prior to the taking effect of this act."

The testator died June 23, 1902, leaving two sons and one daughter who had reached the named ages, and two daughters who were not yet 35. His will was admitted to probate July 9, 1902. On February 7, 1903, executors made return of property to the collector, legacies were assessed and amount of tax determined March 12th, and same paid under protest on June 25, 1903.

When the trial was had in the Circuit Court, the Supreme Court had not decided Hertz v. Woodman, opinion in which was filed July 1, 1910. The judge at circuit therefore followed the decision of this court in Eidman v. Tilghman, 136 Fed. 141, 69 C. C. A. 139, and held that since the tax did not become due and payable, under section 30, until June 23, 1903, it was not "imposed" prior to July 1, 1902, and therefore under the repealing act no tax was collectible. In conformity to such finding, judgment was directed for the whole amount paid. It has been held, however, in Hertz v. Woodman, supra, that:

"Upon the passing by death of a vested right to the immediate possession or enjoyment of a legacy or distributive share, there was imposed the tax or duty exacted upon every such right of succession, which was saved by the saving clause of the repealing act."

Applying this rule to the facts found, the government concedes that as to the tax imposed upon the two daughters, who at testator's death had not reached the designated age, upon the corpus—one-fifth of the residue—it was improperly assessed because they had no vested interest therein. Under Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563, this concession must be made because their interest in the corpus was contingent only, terminable by death before reaching 35 years of age with no power of designating a successor. The corpus did not pass to them either in possession or enjoyment. The tax laid upon their share in the corpus was therefore recoverable.

Counsel for the government contends, however, as to each of these two daughters, that on the death of the testator there passed to her a vested interest in the income of her one-fifth of said two-thirds of the residue, and that she had a right to the enjoyment of such income since it was wholly at her disposal. The district attorney stated, upon the argument, that he had been instructed by the department of justice to press this point, for the reason that the same point was about to be presented to the Supreme Court in a similar case now before that tribunal. Since the precise point is soon to be decided by the court of last resort, it seems unnecessary for us to pass upon it now. That is no reason, however, for holding back the decision of the other questions in this case, until the determination of that question. As will be seen infra, plaintiffs were not entitled to recover the whole amount sued for, which requires a reversal of the judgment sought to be reviewed. Before the case comes on for a new trial, the decision of the Supreme Court will probably have been rendered, and under that decision and this opinion it will be an easy matter finally to adjust the

rights of the parties. It should be noted, however, that, upon the record now before us, it does not appear that the government ever claimed any inheritance tax upon the "clear value of such interest," to wit, income for an indeterminate period; there was never any hearing before the taxing officers or any opportunity to secure a proper valuation of such interest, since no effort was made to tax it. The tax assessed upon the daughter's interest in the corpus, and collected from her was clearly unwarranted, and it seems to us that it is no defense to an action to recover a tax improperly collected to show that, if the government had proceeded to tax some other interest vested in the same individual, they might have recovered it. Since neither side has discussed this proposition, we do not finally decide the point; possibly on the new trial something more may be shown.

As we have seen two sons and one daughter had reached the respective ages fixed by the will at the testator's death. It is conceded that their interests in the two-thirds residue were unquestionably vested in title; the only question raised is whether the gifts to them took effect in possession or enjoyment upon such death. Each of these legatees had full and absolute control of the disposition of his or her share in such residue and could sell it, if desired at once, and each was entitled to all income accruing thereon after the death of the testator. "Enjoyment" of it seems to be clear; but there was and could be no "possession" until after the repealing act took effect, because the executors would not pay any legacy, principal, or income until one year after granting of letters testamentary. Plaintiff contends that it is essential under the war revenue act that there should be both enjoyment and possession. But at our last session (January, 1911) we held, affirming an opinion of Judge Ray (164 Fed. 459), that enjoyment alone is sufficient. The recovery of these three items of $9,746.91 each, therefore, cannot be sustained.

As to the interest of these same three children each to one-fifth of the remainder of the one-third residue given to trustees for the widow during her life, each had a vested remainder, not subject to being divested by any contingency; such interest was unquestionably vested in title, but it did not take effect in possession because the widow was living at the time of testator's death. No doubt each one, having an indefeasible interest, had the power to sell it and pass title; but, in view of the fact that possession could not be taken until after the indefinite period of the widow's life, it might be difficult to effect a sale. To the income accruing during that indefinite period, none of them had any right whatever. It is difficult to see how the gifts of their respective shares in the one-third residue took effect in enjoyment upon the testator's death. A similar conclusion is reached as to the tax on shares of the $25,000 personal property in the residence. It may also be noted that, by imposing a tax of $2,984.27 on each of the five shares of the one-third residue which had to be paid out of the corpus of such residue, the amount set aside to provide a life income for the widow has been depleted to the extent of $11,937.08 and her income reduced by the yearly earnings of that sum. In substance and effect this is really a tax upon the gift to the widow, although War Revenue Act, § 29, expressly provides that:

"All legacies or property passing by will to the husband or wife of the person who died possessed as aforesaid shall be exempt from tax or duty."

Plaintiffs were entitled to recover the amount of taxes paid on the one-third residue and on the personal property in the residence.

One other point remains to be considered. At the time of his death June 23, 1902, testator was a copartner in the firm of H. W. Sage & Co., owning one-half interest therein; a very large part of his estate was there invested. The findings in the Circuit Court recite that:

"The legal title to the assets of the said Dean Sage stood in the name of the said copartnership. All such assets were entered as partnership property upon the firm books and were in the possession of the said firm; all its stocks and registered bonds stood in its firm name. On some day during the summer of 1902 and subsequent to July 9, 1902, a settlement was had between the surviving partner of said copartnership and the executors of said Dean Sage. Upon said settlement the securities passing from the said partnership to the said executors or to the legatees of the decedent were designated, apportioned, and set apart from those apportioned to the said surviving partner. That thereafter the said securities were in fact divided between the said surviving partner, and the said executors and legatees and such of them as were capable of registration were so registered, and the existing certificates of stock were surrendered, and new certificates made out in accordance with such apportionment."

Plaintiffs contend that the tax cannot be sustained in so far as collected in respect of assets derived after July 1, 1902, from the testator's interest in the partnership, on the ground that at testator's death his right to his share of the partnership assets existed "only in the form of a chose in action," and that, by the time the chose in action was liquidated and realized on, the war revenue act had been repealed.

But choses in action are certainly personal property, and the language of section 29 imposes the duty or tax upon "any legacies—arising from personal property—passing, after the passage of this act, from any person possessed of such property,—by will—or any personal property or interest therein, transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons," etc.

It seems to us very clear that each of these interests upon which tax was imposed by the twenty-ninth section immediately upon the death of testator, as held in Hertz v. Woodman, supra, was "a legacy arising from personal property, passing from a person possessed of such property, by will, to another person." That being so, it seems immaterial that the "clear value" of any interest required to be stated by the thirtieth section cannot be ascertained at the instant of death.

The judgment is reversed, and cause remanded for a new trial.